| | | |
|---|---|---|
| ACQIS LLC, a Texas limited liability company, | § § § | |
| Plaintiff, | § § | NO. 6:23-CV-264-ADA |
| v. | § § | JURY TRIAL DEMANDED |
| HON HAI PRECISION INDUSTRY CO., LTD., d/b/a FOXCONN, | § § § | |
| Defendant. | § § § | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff ACQIS LLC and Defendant Hon Hai Precision Industry Co., Ltd.; anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information;

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Stipulated Protective Order ("Order" or "Protective Order").

THEREFORE, it is hereby ORDERED that:

1. Each party (including all of its officers, directors, employees, consultants, retained experts and consultants, and outside counsel (and their support staff)) may designate as confidential for protection under this Order, in whole or in part, any document, information, or material (whether paper, electronic, tangible or otherwise) that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the party or a third party to whom the party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the party or third party producing it (the "Designating Party") by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEY RESTRICTED – SOURCE CODE." The applicable legend or stamp shall be placed on the exterior of the container or containers in which the information or thing is stored for non-documentary Protected Material and on each page of documentary Protected Material for which such protection is sought. For deposition and hearing transcripts, the applicable legend or stamp shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as Protected Material.

2. Any document produced before issuance of this Order, including pursuant to the Court's Order Governing Proceedings - Patent Case, with the designation "Confidential" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order, any

such documents produced with the designation "Confidential – Attorneys' Eyes Only" or the like shall receive the same treatment as if designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order (as discussed *infra*), any such documents produced with the designation "Confidential - Outside Attorneys' Eyes Only" or the like shall receive the same treatment as if designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" under this Order (as discussed *infra*), and any such documents produced with the designation "Outside Attorney Restricted – Source Code" or the like shall receive the same treatment as if designated "OUTSIDE ATTORNEY RESTRICTED – SOURCE CODE" under this Order (as discussed *infra*), unless and until such document is re-designated to have a different classification under this Order.

3. With respect to Protected Material designated "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEY RESTRICTED - SOURCE CODE" (individually and collectively, "Designated Material"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, abstracts, compilations, reproductions, extracts, digests, and complete or partial summaries prepared from any

---

[1] The term Designated Material is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEY RESTRICTED - SOURCE CODE," individually and collectively, and all copies, abstracts, compilations, summaries, and extracts of such material.

Designated Material shall also be considered Designated Material and treated as such under this Order.

4. A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEY RESTRICTED – SOURCE CODE") may be made at any time.

5. Documents, information, or material produced pursuant to any discovery request in an action, including but not limited to Protected Material designated as Designated Material, shall be used by the parties only in the litigation of that action and shall not be used for any other purpose. Any person or entity who obtains access to Designated Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such Designated Material or any portion thereof except as may be reasonably necessary in the litigation of that action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified Designated Material and subject to all of the terms and conditions of this Order. Documents, information, or material produced pursuant to any discovery request in an action, including but not limited to Protected Material designated as Designated Material, shall not be used by, provided to, or disclosed to any party in any other action (*e.g.*, a defendant in a related/consolidated action) without prior written consent of the Producing Party (and if different, the Designating Party). A Receiving Party is prohibited from disclosing Designated Material except in accordance with this Order.

6. Inadvertent or unintentional production of documents, information, or material that has not been designated as Designated Material shall not be deemed a waiver in whole or in part of

a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as Designated Material may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the party or third party producing the material (the "Producing Party") becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then retrieve and destroy all copies (including any electronic copies) of the inadvertently or unintentionally produced Protected Materials from anyone who had received it and any documents, information, or material derived from or based thereon.

7.      "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the Designating Party, upon order of the Court, or as set forth in Paragraph 18 herein:

(a)     Outside counsel of record for the parties to the action in which the Protected Material was produced (the "Action"). Outside counsel does not include any person who is an employee, director, or officer of a party or a party's affiliates even if that person appears on the pleadings as counsel for a party.

(b)     Partners, associates and employees of such outside counsel assigned to and reasonably necessary to assist such counsel in the litigation of the Action (including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters).

(c)     Up to and including three (3) in-house counsel for the parties who either have responsibility for making decisions dealing directly with the litigation of the Action, or who are assisting outside counsel in the litigation and who have completed the Undertaking attached as Appendix C. A party may replace an in-house counsel with a new in house counsel by serving the Undertaking attached as Appendix C. The replaced in-house counsel must then return all Designated Materials in his or her possession to the party's outside counsel and will no longer have the rights of an in-house counsel.

(d)     Up to and including three (3) designated representatives of each of the parties to the extent reasonably necessary for the litigation of the Action who have completed the Undertaking attached as Appendix A, except that any party may in good faith

request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent.

(e)     Outside consultants or experts retained for the purpose of this litigation, provided that: (1) such consultant or expert is not (i) a current or anticipated officer, director, or employee of a party, an affiliate of a party, or a party's competitor or (ii) involved in product and/or process design or development for a party or for a party's competitor; (2) before access is given, the consultant or expert has completed the Undertakings attached as Appendix A and Appendix B hereto and the same is served upon the Producing Party with (i) a current curriculum vitae of the consultant or expert, including a description of individual's previous or current relationship (personal or professional) with any of the parties, their predecessors or their successors in interest, (ii) a list of other cases in which the individual has provided a report or testified (at trial or deposition) within the last four years and (iii) a list of companies that the individual has been employed by or provided consulting services pertaining to improvements in serial communication hardware and methods that utilize high-speed interconnect protocols, such as Peripheral Component Express (PCIe) or Universal Serial Bus (USB) protocol ("Relevant Technology") or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment; and (3) at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to allow the Designating Party to object to and notify the party receiving the Protected Material (the "Receiving Party") in writing that it objects to disclosure of Protected Material to the consultant or expert. If the Designating Party does not object during that 10 day period, then the Receiving Party may disclose Designated Material to the consultant or expert pursuant to the terms of this Order. However, if the Designating Party objects, the parties agree to promptly confer and use good faith to resolve any such objection. If the parties are unable to resolve any objection, the objecting party may file a motion with the Court within f i f t e e n ( 1 5 ) days of receipt of the notice, or within such other time as the parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. Where the disclosure implicates third-party documents or information, the third party shall receive all of the same protections set forth in this paragraph, including but not limited to the right of advance notice and an opportunity to object prior to disclosure of the confidential third-party documents or confidential information.

(f)     Persons who appear on the face of the Designated Materials as an author, addressee or recipient thereof.

(g)     A mediator assigned to hear this matter, and his or her staff, who have completed the Undertakings attached as Appendix A and Appendix B.

(h)     Independent litigation support services, including persons or entities working for or as court reporters, graphics or design services, jury or trial consulting services

(including mock jurors), photocopying, videotaping, translating, preparing transcripts, exhibits, or demonstratives, document imaging, and database services and their employees and subcontractors retained by counsel and reasonably necessary to assist counsel with the litigation of the Action, who have completed the Undertaking attached as Appendix A.

(i)     The Court and its personnel.

8.      A party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material is not generally known to others and that it (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. A party may also designate as "CONFIDENTIAL" documents, information, or material of a third party to whom the party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

9.      To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the Producing Party may designate such Protected Material "CONFIDENTIAL - ATTORNEYS' EYES ONLY." To the extent such Protected Material includes computer source code (including CPP, PCB schematics, GDS, RTL, HDL, schematics, microcode, and similarly sensitive code design information) and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the Producing Party may designate such Protected Material, and copies, abstracts, compilations, summaries, and extracts of such Protected Material, as "OUTSIDE ATTORNEY RESTRICTED – SOURCE CODE."

10.     For Protected Material designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed

in Paragraphs 7(a–c) and (e–i); provided, however, that access by in-house counsel pursuant to Paragraph 7(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

11. For Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY or OUTSIDE ATTORNEY RESTRICTED – SOURCE CODE, access to, and disclosure of, such Protected Material shall be limited to individuals listed in Paragraphs 7(a–b), (e), and (g-i).

12. For Protected Material designated OUTSIDE ATTORNEY RESTRICTED – SOURCE CODE, the following additional restrictions apply:

(a) General Restrictions Regardless of Production Type.

    i. If the Producing Party elects to produce Source Code Material, it will notify the Receiving Party in writing and provide a date upon which said Source Code Material will be available. If Source Code Material is produced on a Stand-Alone Computer, the Receiving Party's outside counsel of record can thereafter request access no less than five (5) business days prior to a proposed review session.

    ii. Absent consent of the Producing Party, which shall not be unreasonably withheld, access to Source Code Material shall be limited to five (5) outside counsel of record (described in Paragraph 7(a)) and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a party or an affiliate of a party or competitor identified by the Producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to Paragraph 7(e) above (hereinafter "Authorized Reviewer").

    iii. Apart from any device(s) provided by the Producing Party (e.g., Stand-Alone Computer), no electronic devices are permitted in the review room, including laptops, floppy drives, zip drives, cellular telephones, personal digital assistants, cameras, voice recorders, telephone jacks or other

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert, provided that such personnel helping in the analysis of Source Code Material shall be disclosed pursuant to Paragraph 7(e).

hardware. Non-electronic devices capable of similar functionality are also prohibited, as is loose paper that could be used in a printer.

iv. Written notes relating to the Source Code Material may be taken only in spiral- or permanently-bound notebooks. Source Code Material may not be copied into the notes. Notwithstanding this provision, file name and location (i.e., directory path), may be copied into the notes. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any review to ensure compliance with these restrictions.

v. A Receiving Party is prohibited from making copies of Source Code Material for use at a deposition or at a hearing without the Producing Party's prior written consent. Absent such consent, the Receiving Party must provide the Producing Party with fourteen (14) calendar days' advance notice of its need for printed copies and identify the required pages by production number. The Producing Party will then either authorize the Receiving Party to prepare copies for use in the deposition or hearing or agree to supply copies itself on the day of the deposition or hearing. At the conclusion of the deposition or hearing, the copies will be returned to the Producing Party or destroyed. Copies will not be attached to deposition transcripts.

vi. A Receiving Party that wants to file or otherwise submit pages of Source Code Material in connection with a filing may, no earlier than 24 hours prior to the relevant filing, make only as many copies, and only of the specific pages as needed, for submission. It must file the materials under seal and must immediately notify the Producing Party.

vii. To the extent it is necessary to reference Source Code Material in an expert report or other discovery document, the excerpts must be limited to the minimum amount necessary to support the specific argument made, but an excerpt shall not exceed thirty (30) lines of code. Reasonable requests to increase this limit will be considered and this limit may be increased by agreement of the parties or on a showing of need. Documents containing excerpts must be designated "OUTSIDE ATTORNEY RESTRICTED - SOURCE CODE."

viii. Nothing in this section will prohibit a Producing Party and a Receiving Party from negotiating other arrangements for the production and review of "OUTSIDE ATTORNEY RESTRICTED – SOURCE CODE" material, nor from requesting a supplemental protective order regarding such alternative arrangements.

(b)     Stand-Alone Computer Production.

    i.  Access to a party's Source Code Material shall be provided in a secure room only on Stand-Alone Computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet). The Stand-Alone Computer(s) may be connected to a printer. Additionally, the Stand-Alone Computer(s) may only be located in the United States at a location selected by the Producing Party. Before being admitted into the secure room, an individual must provide a photo identification card sanctioned by the government of a state of the United States.

    ii.  The Receiving Party shall make reasonable efforts to restrict its requests for access to the Stand-Alone Computer(s) to normal business hours, which for purposes of this paragraph shall be 9:30 a.m. through 5:30 p.m. local time. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Stand-Alone Computer(s) outside of normal business hours. The parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at a location selected by the Producing Party shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of the Action.

    iii.  The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Stand-Alone Computer(s) in order to access the produced Source Code Material on the Stand-Alone Computer(s).

    iv.  The Producing Party will produce Source Code Material in computer searchable format on the Stand-Alone Computer(s) as described above. The stand-alone computers will have text searching capability (e.g., CTRL+F) and copy/paste functionality enabled to facilitate efficient review of relevant portions of Source Code Material by the Receiving Party. The Producing Party will install a basic word processor (e.g., Microsoft Notepad or WordPad) on the stand-alone computer to facilitate printing of relevant portions of the Source Code Material by the Receiving Party.

    v.  The Receiving Party shall be permitted to request a reasonable number of printouts of necessary, specific portions of the Source Code Material at the time of inspection. Printouts are restricted to what is necessary for use in a filing, in an expert report, at a deposition, or at a hearing or trial. A Receiving Party is not entitled to print passages to facilitate review of the Source Code Material away from the secure room; the Source Code Material is to be reviewed and analyzed using the Stand-Alone Computer(s).

    vi.  The Producing Party will provide printouts of the requested Source Code

Material, including Bates numbers, and label them "OUTSIDE ATTORNEY RESTRICTED - SOURCE CODE." Within seven (7) calendar days, the Producing Party must either (a) deliver three (3) copy sets of such printed pages to one or more offices of the Receiving Party's outside counsel of record or (b) provide notice that the printed portions are excessive or were not requested for a permitted purpose. A reasonable request will be presumed to extend for no more than five (5) contiguous pages and for no more than twenty (20) total printed pages for any one product. These limits may be increased by agreement of the parties or on a showing of need.

vii. The Producing Party may maintain a log identifying: (a) the name of each person who accessed the secure room; (b) the date and time of access; (c) the length of time of access; and (d) whether any printouts were requested. The Producing Party may also retain copies of any printed pages of the Source Code Material.

viii. The copy sets of the Source Code Material must be kept at all times in the office(s) of outside counsel of record to which the Producing Party delivered them. The delivered copy sets must be kept in a locked storage container where they will not be accessible to persons other than those allowed access under this Order. Except as explicitly permitted herein, the Receiving Party is prohibited from making additional copies or scanning the printouts. Outside consultants and experts are prohibited from keeping copy sets.

ix. The Receiving Party must maintain a log identifying each person who reviews the printouts, the date and time of the review, and the production number of the pages reviewed. The Receiving Party must provide the Producing Party with a copy of the log on two business days' notice, but no more than once per month absent a showing of good cause.

(c) Paper Production.

i. At its discretion, a Producing Party can elect to produce source code in paper form rather than making it available for inspection on a stand-alone computer. The Receiving Party may request a Stand-Alone Computer Production if the volume of the Paper Production makes review of the Paper Production unreasonable. A reasonable Paper Production will be presumed to extend for no more than five (5) contiguous pages and for no more than twenty (20) total printed pages for any one product. These limits may be increased by agreement of the parties or on a showing of need.

ii. Those paper documents will otherwise be subject to the restrictions applicable to "OUTSIDE ATTORNEY RESTRICTED - SOURCE CODE" material.

13. Any attorney representing a party, whether in-house or outside counsel, and any person associated with a party (including outside consultants and experts) and permitted to receive the other party's Protected Material that is designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, and/or OUTSIDE ATTORNEY RESTRICTED - SOURCE CODE (collectively "Highly Sensitive Material"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other party's Highly Sensitive Material under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent or patent application, including foreign patents or patent applications, or in the drafting or revising a patent claim, pertaining to the Relevant Technology, that claims priority from or to an application that was filed, less than one year following the final termination of the Action (including any appeals). To ensure compliance with the purpose of this provision, each party shall create an "Ethical Wall" between those persons with access to Highly Sensitive Material and any individuals who prepare, prosecute, supervise or assist in the preparation or prosecution of any patent or patent application, or in the drafting or revising a patent claim, pertaining to the Relevant Technology. Nothing in this Order shall prevent a person with access to Highly Sensitive Material from participating in a post-grant PTO proceeding, *e.g.*, IPR or PGR, except for that person shall not participate—directly or indirectly—in drafting of any claim or amendment to any claim(s).

14. A Receiving Party's outside consultants or experts who personally review any Highly Sensitive Material must execute the Undertaking attached as Appendix B in which they

agree not to perform hardware, software or product development work for commercial purposes that is related to the Relevant Technology until one year following the final termination of the Action (including any appeals).

15. Nothing in this Order shall require production of documents, information, or other material that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production or inspection shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return or destruction of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The recipient(s) shall gather and return (or destroy) all copies of such documents, information, or other material to the Producing Party, including copies distributed to others (e.g., outside consultants and vendors), except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party.

16. There shall be no disclosure of any Designated Material by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The parties are hereby ORDERED to safeguard all such documents, information, and material

to protect against disclosure to any unauthorized persons or entities.

17. Nothing in this Order restricts a Producing Party's or Designating Party's use or disclosure of its own Designated Material.

18. Nothing contained herein shall be construed to prejudice any party's right to use any Designated Material in taking testimony at any deposition or hearing provided that the Designated Material is only disclosed to a person(s) who is: (i) eligible to have access to the Designated Material by virtue of his or her employment with the Designating Party; (ii) identified in the Designated Material or from other documents or testimony as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such Designated Material, has, in the ordinary course of business, seen and had prior knowledge of such Designated Material; (iv) a current or former officer, director, employee, or designated 30(b)(6) witness of the Producing Party or a current or former officer, director, or employee of a company affiliated with the Producing Party; (v) counsel for a party, including outside counsel and in-house counsel (subject to Paragraph 10 of this Order); (vi) an independent contractor, consultant, and/or expert of a Designating Party, retained for the purpose of this litigation, about any Designated Material of that Designating Party; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to Designated Material. Designated Material shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court. Any person not permitted to have access to Designated Material that is disclosed at a deposition will be excluded from the portion of the deposition relating to that information.

19.  Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing certified transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEY RESTRICTED - SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire transcript of a deposition or hearing at which OUTSIDE ATTORNEY RESTRICTED - SOURCE CODE was disclosed will be treated as OUTSIDE ATTORNEY RESTRICTED - SOURCE CODE or if no OUTSIDE ATTORNEY RESTRICTED - SOURCE CODE was disclosed will be treated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY. For transcript pages identified by a Designating Party, the court reporter must affix to the top of each such page the legend "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEY RESTRICTED - SOURCE CODE" as instructed by the Designating Party. Subject to the Court's preferences, the parties will work together to make arrangements for making such designations to exhibits, testimony, and other documents, information, or material used during hearings, pre-trial proceedings, and during the trial of this case.

20.  Absent written permission from the Designating Party or a Court Order issued after appropriate notice, any Designated Material that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER"

above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on Designated Material, the parties must comply with the Standing Order Regarding Filing Documents Under Seal and Redacted Public Versions signed by the Court on October 13, 2021 or any amended/supplemental version of that Standing Order entered after the date of this Protective Order.

21. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the parties from introducing any Designated Material into evidence at the trial of the Action, or from using any information contained in Designated Material at the trial of the Action, subject to any pretrial order issued by this Court. .

22. A Receiving Party may transmit or transport Designated Material outside of the United States only as necessary to provide such Designated Material to individuals located outside of the United States that are authorized to access such Designated Material.

23. A party may request in writing to the other party that the designation given to any Designated Material be modified or withdrawn. Challenges must identify each document by production number and set forth the reason for believing the designation was improper. If the Designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the Designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the Designating Party shall be maintained.

24. Each outside consultant or expert to whom Designated Material is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign the "Agreement to Be Bound by Protective Order" attached as Appendix A and the "Undertaking of Consultant or Expert Regarding Protective Order" attached as Appendix B acknowledging that they have received a copy of, have read, and have agreed to be bound by this Order

25. Each person to whom Designated Material may be disclosed, and who is required to complete the Undertaking attached as Appendix A, Appendix B, and/or Appendix C must do so prior to reviewing Designated Material. Counsel of record for the Receiving Party must retain each original executed document and, on written request, must provide copies to counsel of record for all other parties to the action after the termination of such action. The identification of an individual pursuant to this Order does not make that individual subject to deposition or any other form of discovery.

To the extent that any discovery is taken (voluntarily or pursuant to a subpoena or court order) of persons who are not parties to an action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties shall receive all the protections of the named parties to the lawsuit, and may agree to be bound by this Order, and may designate documents, information, or material in the same manner as a party. A Third Party's use of this Order for production of its documents, information, or material does not entitle that Third Party to have access to documents, information, or material produced by any party in this action.

26. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," and/or "OUTSIDE

ATTORNEY RESTRICTED - SOURCE CODE" any documents, information, or other material, in whole or in part, produced by such Third Parties. The Third Parties shall have fifteen (15) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

27.     If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Designated Material, it must so notify the Producing Party (and, if not the same person or entity, the Designating Party), in writing (by hand delivery, fax, or email) promptly and in no event more than ten (10) days after receiving the subpoena or order. The notice must include a copy of the subpoena or order. The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue that some or all of the requested material is subject to this Order.

28.     Within thirty (30) days of final termination of this Action, including any appeals, all Designated Material, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the parties), shall at the Producing Party's election either be returned to the Producing Party or be destroyed. The Receiving Party shall verify the return or destruction by affidavit furnished to the Producing Party, upon the Producing Party's request. However, counsel of record are entitled to retain three (3) archival copies of all pleadings, motion papers and supporting materials, transcripts, legal memoranda, correspondence, briefs and supporting materials, written discovery requests and responses, exhibits offered or introduced into evidence at trial, or attorney work product. Any such archival copies remain subject to this Order.

29.     The confidentiality obligations imposed by this Order will remain in effect even after the

final disposition of this action, until and unless otherwise agreed to by the Designating Party or ordered by the Court.

30.     The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

31.     Any party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

32.     If a Receiving Party learns of the disclosure or use of Designated Material in any circumstance not authorized by this Order, it must promptly notify in writing the Designating Party of the unauthorized use or disclosure. In the event of unauthorized disclosure, the Receiving Party must also promptly (a) use its best efforts to retrieve all copies of the Designated Material, (b) inform the person to whom unauthorized disclosures were made of the terms of this Order, and (c) ask that person to complete the Undertaking attached as Appendix A.

33.     Production of Designated Material by any party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or

make voidable whatever claim the parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

34. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the parties to assert any applicable discovery or trial privilege.

35. This Court will have exclusive jurisdiction to enforce this Order, even following the final disposition of this action. Every individual who reviews Designated Material agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings related to the enforcement of this Order.

36. Every individual who reviews Designated Material acknowledges that a breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law. A party may immediately apply to obtain temporary, preliminary, and permanent injunctive relief against a violation or threatened violation of this Order.

37. Each of the parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Designated Material to additional persons or entities if reasonably necessary to prepare and present this Action; (b) to apply for additional protection of Designated Material; and (c) to relax or rescind the restrictions of this Order.


SIGNED this 15th day of March, 2024.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

| | | |
|---|---|---|
| ACQIS LLC, a Texas limited liability company, | § § § | |
| Plaintiff, | § § | NO. 6:23-CV-00264-ADA-DTG |
| v. | § § | JURY TRIAL DEMANDED |
| HON HAI PRECISION INDUSTRY CO., LTD., d/b/a FOXCONN, | § § § | |
| Defendant. | § § § | |

**APPENDIX A**
**ACKNOWLEDGEMENT AND AGREEMENT**
**TO BE BOUND BY PROTECTIVE ORDER**

I,_____, declare that:

1.  My address is_____.

    My current employer is_____.

    My current occupation is_____.

2.  I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEY RESTRICTED - SOURCE

CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEY RESTRICTED - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

ACQIS LLC, a Texas limited liability company,    §
                                                 §
        Plaintiff,                               §
                                                 §    NO. 6:23-CV-00264-ADA-DTG
v.                                               §
                                                 §    JURY TRIAL DEMANDED
HON HAI PRECISION INDUSTRY CO., LTD.,            §
d/b/a FOXCONN,                                   §
                                                 §
        Defendant.                               §
                                                 §
                                                 §

## APPENDIX B
## UNDERTAKING OF CONSULTANT OR EXPERT
## REGARDING PROTECTIVE ORDER

I,_____, declare that:

1.   I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

2.   I will comply with all of the provisions of the Protective Order.

3.   I am not a current or anticipated officer, director, or employee of a party or of a party's competitor, or a current or anticipated consultant involved in product and/or process design or development for a party or for a party's competitor.

4.   If at any time after I execute this Undertaking and during the pendency of the litigation I become an employee or competitor of a party, I will promptly inform the counsel for the party who retained me in this litigation. I will not thereafter review any Designated Materials marked as "CONFIDENTIAL - ATTORNEYS'

EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEY RESTRICTED - SOURCE CODE" unless and until the parties agree or the Court orders otherwise.

5.    I will not use any Designated Material for any purpose other than this litigation.

6.    I agree not to participate in the preparation or prosecution of any patent, patent application, *inter partes* review, post-grant review proceedings, or a patent in reexamination or reissue, or in the drafting or revising of a patent claim, related to the Relevant Technology, that claims priority from an application that was filed, less than one year following the final termination of this action (including any appeals).

7.    I agree not to perform commercial hardware, software or product development work intended for commercial purposes that is related to the Relevant Technology until one year following the final termination of this litigation (including any appeals).

8.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

ACQIS LLC, a Texas limited liability company,

      Plaintiff,

v.

HON HAI PRECISION INDUSTRY CO., LTD.,
d/b/a FOXCONN,

      Defendant.

§
§
§
§
§
§
§
§
§
§
§

NO. 6:23-CV-00264-ADA-DTG

JURY TRIAL DEMANDED

## APPENDIX C
## UNDERTAKING OF IN-HOUSE COUNSEL
## REGARDING PROTECTIVE ORDER

I,_____, declare that:

1.    My address is_____.

     My current employer is_____.

     My current occupation is_____.

2.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.

4.    I meet the Protective Order's requirements for an in-house counsel, as outlined in Paragraph 7(c).

5.    I will not divulge any confidential information or material to persons other than those specifically authorized by the Protective Order. I will not use Designated Material in any

manner not expressly allowed by the Protective Order.

6.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____