UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ACQIS LLC,<br>a Texas limited liability company,<br><br>             Plaintiff,<br>    v.<br><br>Hon Hai Precision Industry Co., Ltd. d/b/a<br>Foxconn, a Taiwanese corporation; Hongfujin<br>Precision Electronics (Chengdu) Co., Ltd., a<br>China corporation; Futaihua Industrial<br>(Shenzhen) Co., Ltd., a China corporation;<br>Foxconn Precision Electronics (Taiyuan) Co.,<br>Ltd., a China corporation; Hongfujin<br>Precision Electronics (Zhengzhou) Co., Ltd.,<br>a China corporation; Foxconn Image and<br>Printing Product Pte. Ltd., a Singapore<br>corporation; Falcon Precision Trading Pte.<br>Ltd., a Singapore corporation; Fast Victor<br>Limited, a Samoa corporation; Foxconn<br>Singapore Pte. Ltd., a Singapore corporation,<br><br>             Defendants. | Civil Action No. 6:23-CV-264 |

## ORDER ON DISCOVERY DISPUTE

On September 20, 2024, the parties submitted discovery disputes to the Court via email. The parties' respective positions and the Court's ruling on each issue are as follows.

## ISSUE 1: PLAINTIFF'S INTERROGATORIES 2 & 3 TO DEFENDANTS

### Plaintiff's Position

Plaintiff ACQIS accuses devices made, sold, imported, etc. by Defendant Hon Hai that incorporate technology known as PCI Express, USB 3.0, and similar communication channels. ACQIS has identified accused products it is aware of based on publicly available

1

information.  ROGs 2 & 3 request that Defendant Hon Hai identify *all* products it has made, sold, imported, etc. during the relevant time period that incorporate this technology as well as any substantially similar technology (6 specific examples of similar technology are provided in Interrogatory 2).  Defendant objects to identifying anything not already accused by Plaintiff. But discovery extends to products that are "reasonably similar" to identified accused products. *Nidec Corp. v. LG Innotek Co.*, No. 6:07-108-LED-JDL, 2009 WL 3673253, at *2 (E.D. Tex. Sept. 2, 2009).  Especially where, as here, the information is not publicly available and the patentee has identified the relevance of the additional products with specificity.

Defendant's positions don't justify its refusal to respond. That the exemplary products identified by ACQIS are "Apple products" is unsurprising because Hon Hai (d/b/a Foxconn) is a major contract manufacturer of Apple.  Nevertheless, ACQIS has explained that "reasonably similar" products to the accused products are those that use PCI Express, USB 3.x, or one of 6 substantially similar communication channels.

To the extent the request covers many products made, imported, sold, etc. by Hon Hai, then it means many such products infringe ACQIS' asserted patents, and they must be identified.

**Requested Relief:** Order that "Hon Hai must fully respond to ROGs 2 & 3 by identifying all responsive products and providing their names, model numbers, and any other identifier Hon Hai uses to identify them."

### Defendants' Position

The Original Complaint, Amended Complaint, and Infringement Contentions have consistently accused only Apple products. *See, e.g.*, First Amended Complaint, Dkt. No. 49 at ¶ 69-72. ACQIS has provided no explanation for how "*all*" products using "***PCI Express,***

*USB 3.0 or later … NVMe, SAS, SATA, Thunderbolt (3 and 4), Intel OPI and/or DMI channels*," are "reasonably similar" to the Apple products discussed in the pleadings and infringement contentions.

The scope of this interrogatory appears intentionally to demand information about every single product "made, sold, offered for sale, used, tested, or imported into the United States" by Hon Hai throughout the entire damages period, as all electronic devices on the market in the relevant period seemingly deploy one or more of the data protocols in question. ACQIS should specify the nature of products contemplated by Interrogatories 2 and 3, and make use of the ample public information (Hon Hai is a publicly traded company with detailed annual reports).

Finally, this is a pure 35 U.S.C. 271(g) importation case, and any products not imported to the United States are completely irrelevant.

**Requested Relief**: Deny ACQIS' requested relief.

## ISSUE 2: PLAINTIFF'S INTERROGATORIES 4, 6, & 7 TO DEFENDANTS

### Plaintiff's Position

Plaintiff seeks damages in the form of a reasonably royalty applied against revenue from sales of accused products. *See* 35 U.S.C. § 284. The requested information is undisputedly relevant to determining a reasonable royalty—the revenue is the base against which the royalty is applied, and the sales volume, profit, and cost information is all relevant to determining the royalty rate the parties would have hypothetically agreed to had they negotiated prior to the onset of Defendant's infringement. Even so, Defendant has not provided *any* responsive information, with the exception of some agreements with some customers, which do not show revenue, costs, profit, or sales volume. Defendant should be

compelled to provide its responsive sales information for both the accused products Plaintiff has already identified as well as the additional products Defendant should identify in response to Plaintiff's ROGs 2 & 3.

Defendant says there is no dispute on this issue, but has failed for four months to provide even basic sales or financial information—such as revenue for the products that are undisputedly part of the case—or to say when it can provide this information.

Defendant's justifications for this failure are unsupportable.  Hon Hai's own responsive sales, revenue, and profit information is not subject to third party confidentiality. Hon Hai should have provided it months ago. To the extent certain narrow categories are subject to Apple's approval, Hon Hai should have obtained such approval already.

In addition, even if some revenue information is possessed by the new defendants to the case, this does not justify Hon Hai's failure to provide it.  The new entities are Hon Hai wholly owned subsidiaries, subject to common ownership, and part of the same unified corporate structure.  Any responsive information or documents held by these subsidiaries is within Hon Hai's control.  Indeed, Hon Hai admits it obtained importation documents from the subsidiaries months ago and produced them.  To the extent the subsidiaries have other responsive information or documents, such as revenue information, Hon Hai could have and should have gotten it from the subsidiaries from the outset. *See, e.g., LiiON, LLC v. Vertiv Grp. Corp.*, No. 1:19-CV-666-RP, 2019 WL 13136760, at *2–3 (W.D. Tex. July 30, 2019).

**Requested Relief:** Order that "Hon Hai must fully respond to ROGs 4, 6, & 7 by providing its sales, revenue, cost, and other responsive financial information relating to sales of the accused products identified in response to ROGs 2 & 3."

**Defendants' Position**

There is no actual dispute as to providing sales, revenue, cost, and other financial information, and Hon Hai has already provided substantial documents in response to these interrogatories.  ACQIS raised this this issue and purported deficiency with Hon Hai for the first time in a letter dated August 12, 2024, and has not explained any need for immediate Court intervention.

Hon Hai has already produced governing contracts with Apple, as well as Statements of Work for most Accused Products, which set forth on a per-unit basis information concerning the anticipated revenue and costs, including the manufacturing value added (specific to each supplier facility), labor rate, exchange rate, floorstock and consumables cost, etc.

Documents and summaries respecting the overall volume of Accused Products appear to be the principal basis for Plaintiff's motion to compel.  However, this is a pure 35 U.S.C. § 271(g) case based on importation, as Hon Hai concededly does not make, use, sell, or offer to sell any Accused Products in the United States.  Because this is a pure § 271(g) importation case, the critical documents for evaluating total sales volume are customs documents respecting the final destination of Accused Products.

The customs documents necessary for evaluating what products were imported to the United States are not Hon Hai documents, nor in Hon Hai's possession.  Rather, the necessary customs documents are third-party documents in the possession of the eight new defendants recently added to this litigation for whom ACQIS mailed waiver of service requests on August 15, 2024.

Hon Hai has produced representative customs documents illustrating the role of the third parties in importation, but it appears there are over 300,000 (1TB) potentially relevant foreign-language customs documents pertaining to the US.  Despite the fact that the necessary documents are held by foreign third-party entities that have not been served with any discovery, Hon Hai is collecting and evaluating them to calculate the overall revenue associated with Accused Products imported to the United States.

Discovery does not close until mid-December, and the recent addition of eight new parties from three separate countries would justify an extension of the existing fact discovery cutoff.  No order from the Court is needed as Hon Hai is already producing documents, and working with third parties to collect and approve production of documents not in its possession, and to summarize those documents for calculation of overall revenue.

**Requested Relief**:  Deny ACQIS' requested relief.

## ISSUE 3: PLAINTIFF'S DOCUMENT REQUESTS 13 & 14 TO DEFENDANTS

### Plaintiff's Position

Plaintiff's asserted patents are directed to methods of manufacturing computer products.  Accordingly, documents showing the steps for manufacturing and testing the accused products are necessary to confirm that the accused products, in fact, are made according to the claimed methods.  Plaintiff has, since March 2024, identified exemplary categories of manufacturing documents it would expect Defendant to produce.  Defendant has produced some documents relating to the manufacture of the accused products, but has admitted that its production is incomplete and declined to produce the requested documents. Moreover, Defendant has not produced any documents reflecting the steps for testing the accused products.

Defendant says there is no dispute on this issue, but Defendant has failed for four months to provide the discovery it has or to say when it can provide it.

ACQIS requested some documents from Apple because Hon Hai has equivocated about what documents over which it has control. Hon Hai must produce documents over which it has possession, custody or control to reduce the burden on third parties. ACQIS can proceed with getting the rest from Apple (which, for its part, has not provided anything to-date).

To the extent responsive documents are held by the new Hon Hai subsidiaries that have been named in the case, is the documents are within Hon Hai's control and should have been provided from the outset, as discussed above. *LiiON*, 2019 WL 13136760, at *2–3.

**Requested Relief:** Order that "Hon Hai must produce documents responsive to RFPs 13 and 14 reflecting the steps for manufacturing and testing the accused products."

### Defendants' Position

There is no actual dispute as to providing manufacturing and testing documents, and Hon Hai has already provided numerous such documents.  Hon Hai already produced all technical specifications such as PCB schematics in its possession, custody, or control, and alerted ACQIS to the existence of additional such documents of which Hon Hai was aware.

The governing contracts that have been produced set forth the overall guidance for testing, and any detailed Apple testing specification documents are in the possession (if at all) of the eight new defendants recently added to the litigation for whom ACQIS mailed waiver of service requests on August 15, 2024.

The same documents at issue here—all of which are documents created and maintained in the United States by Apple—are subject to a subpoena served on Apple in June, which Apple

is actively responding to.  The Apple Subpoena seeks, for example, "Bills of material," "PCB schematics and Gerber files," "CPP documents," and all other documents "Relating To the design, operation, manufacture and testing of the Hon Hai Products."  ACQIS does not need both Apple and Hon Hai to produce the same Apple documents subject to the Apple Subpoena and Hon Hai RFPs in this matter, and the burden on Apple is much less to produce these Apple documents, which are subject in any event to Apple confidentiality protections.

Hon Hai is nonetheless working with the eight new defendants in this litigation to collect Apple documents responsive to these RFPs, to the extent that any of Hon Hai or the newly-added third-parties possess them.

Discovery does not close until mid-December.  No order from the Court is needed as Hon Hai has already produced most of the documents contemplated, and is working with third parties to collect and approve production of documents not in its possession.

**Requested Relief**:  Deny ACQIS' requested relief.

**ISSUE 4: PLAINTIFF'S DOCUMENT REQUEST 15 TO DEFENDANTS**

**Plaintiff's Position**

Defendant's liability arises from its importation into the United States of products made according to Plaintiff's patented methods of manufacture.  *See* 35 U.S.C. § 271(g).  Accordingly, documents showing the importation of the accused products are necessary to confirm Defendant does, in fact, commit infringing acts.  Defendant has produced some documents relating to importation but its production is admittedly incomplete.  Defendant committed to supplementing its production but it has not done so.

Defendant says there is no dispute on this issue, but Defendant has failed for four months to produce the documents it has or to say when it can provide them.

To the extent responsive documents are held by the new Hon Hai subsidiaries that have been named in the case, that discovery is within Hon Hai's control and should have been provided from the outset, as discussed above.

**Requested Relief:** Order that "Hon Hai must produce documents responsive to RFP 15 showing the importation of the accused products."

**Defendants' Position**

There is no actual dispute as to providing importation documents, and Hon Hai has already produced representative importation documents reflecting the roles of all entities in distribution.

These are not Hon Hai documents, as the representative customs documents make clear. All the documents in question are held by the eight new defendants recently added to the litigation for whom ACQIS mailed waiver of service requests on August 15, 2024. Even though these are not Hon Hai documents, Hon Hai is in the process of collecting the 300,000 documents (1TB data) in question—all of which are foreign language documents residing in three different countries—in order to fully respond to this request. In light of the scope of the documents in question, and the number of third parties involved, the progress in discovery is reasonable.

Discovery does not close until mid-December. No order from the Court is needed as Hon Hai has already produced the documents in its possession, and is working with third parties to collect and approve production of documents not in its possession.

**Requested Relief**: Deny ACQIS' requested relief.

## ISSUE 5: DEFENDANTS' DOCUMENT REQUEST 44 TO PLAINTIFF

### Defendants' Position

Hon Hai's present motion to compel on this issue concerns only expert reports, transcripts, and trial materials from previous litigation on the same and related patents. Plaintiff and Defendant met and conferred in regard to this issue for the first time on June 25, 2024. Plaintiff admits that the documents in question are in its possession, and it has produced the same documents and similar documents in previous litigation. Plaintiff generally acknowledges that the documents in question are relevant at least to the issue of comparable licenses, and that the burden of producing them consists of sending emails to a handful of third parties asking for permission (which has been granted in previous cases for the same and similar materials). After needless hours of conference on this issue, Plaintiff has finally agreed to produce the expert reports, transcripts, and trial materials in question, but to date it has only produced what is publicly available.

Defendant admitted in conference between the parties on September 12, 2024, that it had not yet taken any action to obtain consent to produce the materials in question but could "begin next week." The parties have spent several hours in conference on this issue over a period of months dating back to June 25, 2024, and yet, most recently on September 19, 2024, ACQIS emphasized "we cannot guarantee a production date because certain parts of the process are out of our control," and "[f]or instance, we do not know when the third parties will respond or what conditions/procedures they will request."

In stark contrast to the delay precipitating ACQIS' unnecessary motion to compel— ACQIS pursuing hundreds of thousands of documents in the possession of several third parties in three foreign countries, which are predominantly foreign language and subject to additional

third-party confidentiality obligations to Apple—Hon Hai is merely seeking to compel documents that ACQIS actually possesses, most of which it has produced in previous litigation, such that no further document collection or review is needed. ACQIS' delay in producing these documents is plainly unreasonable in light of its position on Hon Hai's vastly more onerous discovery.

The relevance and intent to produce these expert reports, transcripts, and trial materials is already established, as with efforts to compel brought by Defendant—and the only issue is ACQIS' excessive delay. Nonetheless, in regard to relevance generally, Plaintiff ACQIS has executed license agreements with several third-parties following litigation on the Asserted Patents and related patents. Plaintiff contends that some of the prior license and settlement agreements are comparable for assessing the rate of a reasonable royalty, and that other agreements are not comparable. In previous litigation, Plaintiff has consistently pointed to the range of licensees that have executed agreements, including the prominence of the companies and the royalty rates, as evidence that such a royalty is due in this case as well. Expert opinions concerning the licensed products and basis for the royalty in previous agreements is critical evidence for evaluating comparability here.

While the materials in question may not be directly admissible in evidence, the information contained therein will drive third-party discovery concerning the purportedly comparable and non-comparable licenses, among other things. Rule 26(b)(1) is clear that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."

**Requested Relief:** Order that "ACQIS must produce all expert reports, deposition transcripts, and trial materials from previous litigation concerning the same and related patents, as requested in RFP 44."

### Plaintiff's Position

RFP 44 requests "[a]ll Documents and Things" relating to "any legal proceeding" involving ACQIS's asserted patents or any patent "related in any way" to the asserted patents, including at least 17 enumerated legal proceedings.  The only specific materials Defendant has discussed in conferrals or in its position to the left are expert reports and deposition transcripts and "trial materials," which ACQIS understands to mean trial demonstratives and exhibits.

ACQIS has already produced substantial amounts of publicly available expert reports and transcripts. In addition, ACQIS will produce the prior litigation materials it produced in the case captioned as *ACQIS LLC v. ASUSTek Computer, Inc.*, 6:20-cv-00966-ADA (W.D. Tex.), subject to third party approval to the extent those materials are designated under protective orders.  This will include another substantial tranche of expert reports and deposition transcripts.

ACQIS will also produce litigation materials from the *ASUSTek* case itself, which is the only one of the 17 enumerated proceedings in Defendant's request to go to trial, again subject to third-party approval or redaction to the extent those materials are designated under a protective order.

Beyond these categories, it is not clear to ACQIS what else Defendant is demanding it produce because Defendant has not conferred with ACQIS about what else it seeks.

To the extent Defendant is demanding the full scope of its request, *i.e.*, all documents from these prior cases, including production documents, written discovery, pleadings, etc., Defendant's request for relief should be denied because its RFP is facially overbroad and unduly

burdensome.  In addition, many of the documents sought would have little, if any, relevance to the issues in the case, and their probative value would be outweighed by the burden of trying to produce them, as discussed further below.

To the extent Defendant is demanding something *between* the full scope of its request and what ACQIS will produce, Defendant's request for relief should be denied as premature, because Defendant has not conferred with ACQIS about what else Defendant is seeking.

The majority of these documents have minimal, if any, relevance to the issues of: (1) whether the Asserted Patents are valid; (2) whether Hon Hai's Accused Products infringe; and (3) the proper remedy for Hon Hai's infringement. The relevant evidence in this case includes ACQIS' Asserted Patents, Hon Hai's technical documents, including its manufacturing and testing documents, sales, importation and financial information and related testimony, and comparable license agreements. The materials sought, by contrast, were created in prior litigation and often concern different patents, different products, and different defendants.

Defendant has not established the relevance of these litigation-generated materials. Defendant's articulated rationale pertains only to expert opinion and thus does not extend to the full scope of its RFP.  Even as to expert opinion, Defendant's rationale is dubious.  Defendant argues it needs expert reports from other cases to assess the comparability of prior licenses. But ACQIS does not understand (and Defendant has not explained) what relevance the reports of experts—which are not facts—from prior cases could have on the comparability of licenses.  Nor is ACQIS aware of authority suggesting such materials are relevant to, or can be used to show, comparability of license agreements.  Indeed, ACQIS asked Defendant to provide case law supporting its request but Defendant provided none.

Regardless, the probative value of these materials (if any) is vastly outweighed by the

13

burden of trying to produce them.  Even if the request were limited to the 17 proceedings identified (which Defendant has not agreed to do), the responsive materials (which again, includes production documents, among other things) would easily total in the tens of thousands (if not over one hundred thousand) documents.  The documents Defendant has expressed the most interest in, expert reports, are hundreds of pages each.  The time required to collect, review, and produce these materials would be substantial.

Moreover, the vast majority of these documents are subject to protective orders from the prior litigations.  To produce them here, ACQIS would have to request permission from each third party whose CBI is included in the documents.  To the extent any third parties refused (some have already done so), ACQIS would have to prepare redacted versions of documents that remove that third party's information. And again, this would be tens of thousands of documents, many of which are hundreds of pages long.  Notably, many of these documents include confidential information of multiple parties—both the defendant from the lawsuit in question as well as other third parties whose information was provided in connection with the lawsuit.

**Requested Relief:** Find RFP 44 is overbroad, unduly burdensome, disproportionate to the needs of the case and deny Defendant's requested relief OR deny Defendant's requested relief as premature to the extent it seeks something less than the full scope of its RFP 44 but greater than what ACQIS has produced or agreed to produce.

## ORDER

The Court, having considered the parties' discovery disputes and reviewed the related submission, **HEREBY ORDERS** as follows:

**Issue 1:** The Court **GRANTS** ACQIS' request and **ORDERS** that Hon Hai must fully respond to ROGS 2 & 3 by identifying all responsive products and providing their names, model numbers, and any other identifier Hon Hai uses to identify them.

**Issue 2:** The Court **GRANTS** ACQIS' request and **ORDERS** that Hon Hai must fully respond to ROGs 4, 6, & 7 and (i) produce its sales, revenue, cost, and other responsive financial information relating to sales of the accused Apple products within 30 days of this order, and (ii) begin a rolling production of its sales, revenue, cost, and other responsive financial information relating to sales of the non-Apple products identified in response to ROGs 2 & 3 within 30 days of entry of this order. The Court further **ORDERS** the parties to meet and confer to establish a deadline by which Hon Hai must complete production of its sales, revenue, cost, and other responsive financial information relating to sales of the non-Apple products.

**Issue 3:** The Court **GRANTS** ACQIS' request and **ORDERS** that Hon Hai must (i) produce documents responsive to RFPs 13 and 14 reflecting the steps for manufacturing and testing of the accused Apple products within 30 days of entry of this order, and (ii) begin a rolling production of documents responsive to RFPs 13 and 14 reflecting the steps for manufacturing and testing of the non-Apple products identified in response to ROGs 2 & 3 within 30 days of entry of this order. The Court further **ORDERS** the parties to meet and confer to establish a deadline by which Hon Hai must complete production of documents reflecting the steps for manufacturing and testing of the non-Apple products.

**Issue 4:** The Court **GRANTS** ACQIS' request and **ORDERS** that Hon Hai must (i) produce documents responsive to RFP 15 showing the importation of the accused Apple products within 30 days of entry of this order, and (ii) begin rolling production of documents responsive to RFP 15 showing the importation of the non-Apple products identified in response to ROGs 2 & 3 within 30 days of entry of this order. The Court further **ORDERS** the parties to meet and confer to establish a deadline by which Hon Hai must

complete production of documents responsive to RFP 15 showing the importation of the non-Apple products.

**Issue 5:** The Court **DENIES** Hon Hai's request.

The scope of the documents requested under RFP 44 exceeds Hon Hai's underlying justification—the identification of comparable or non-comparable licenses.

To the extent that Hon Hai requests something less than the full scope of RFP 44 but greater than what ACQIS has produced or agreed to produce, the Court finds Hon Hai's request premature because the parties have not met and conferred.

**SIGNED** this 7th day of October, 2024.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

16