UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ACQIS LLC,<br>a Texas limited liability company,<br><br>                         Plaintiff,<br>     v.<br><br>Hon Hai Precision Industry Co., Ltd. d/b/a Foxconn, a Taiwanese corporation; Hongfujin Precision Electronics (Chengdu) Co., Ltd., a China corporation; Futaihua Industrial (Shenzhen) Co., Ltd., a China corporation; Foxconn Precision Electronics (Taiyuan) Co., Ltd., a China corporation; Hongfujin Precision Electronics (Zhengzhou) Co., Ltd., a China corporation; Foxconn Image and Printing Product Pte. Ltd., a Singapore corporation; Falcon Precision Trading Pte. Ltd., a Singapore corporation; Fast Victor Limited, a Samoa corporation; Foxconn Singapore Pte. Ltd., a Singapore corporation,<br><br>                         Defendants. | Civil Action No. 6:23-CV-264<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF ACQIS LLC'S MOTION TO AUTHORIZE
PRODUCTION OF MATERIALS REGARDING NEX COMPUTERS, INC.**

Plaintiff ACQIS LLC respectfully moves this Court for an order authorizing ACQIS to produce materials regarding third party Nex Computers, Inc. ("NexCom"). ACQIS asks the Court to authorize production of the license and settlement agreement between ACQIS and NexCom and the litigation materials in ACQIS's possession, custody, or control related to or discussing such agreement.

To dismiss a prior litigation against NexCom, ACQIS and NexCom executed a license and settlement agreement.  In various subsequent litigations, the license and settlement agreement has been used or cited as evidence or discussed, for example, in declaration(s), expert report(s), deposition and trial transcript(s), deposition exhibit(s), trial exhibit(s), brief(s), and demonstrative(s).  Defendant Hon Hai Precision Industry Co., Ltd. et al. ("Hon Hai") has requested these materials, but the agreement and its terms are confidential and NexCom has refused to allow production of these materials without a Court order.  As discussed further below, the license and settlement agreement and litigation materials have been or will be produced in other ACQIS litigations, including via Court order in *ACQIS LLC v. Quanta Computer, Inc.*, No. 6:23-cv-00265-ADA (W.D. Tex.).  Furthermore, the license and settlement agreement is discoverable and Hon Hai contends that the litigation materials are discoverable as well.

Thus, ACQIS seeks the Court's authorization to produce these materials.  With such authorization, ACQIS will produce the license and settlement agreement and the litigation materials in ACQIS's possession, custody, or control related to or discussing such agreement to Hon Hai.  This process will eliminate the burden to NexCom and allow ACQIS to comply with both its confidentiality and discovery obligations.

Hon Hai does not oppose this motion and does not intend to file an opposition. NexCom opposes this motion.[1]

---

[1] ACQIS understands that NexCom's counsel is David Sasseen, Esq., Law Office of David Sasseen, 236 N. Santa Cruz Ave., Suite 237A, Los Gatos, CA 95033, Tel.: (408) 569-1060, E-mail: davidsasseen@gmail.com.

## BACKGROUND

In this litigation, ACQIS has accused Hon Hai of infringing five of its patents, *i.e.*, U.S. Patent Nos. 9,703,750 (the "'750 patent"); 8,977,797 (the "'797 patent"); 9,529,769 (the "'769 patent"); RE45,140; and RE44,654 (collectively, the "Asserted Patents"). The '750, '797, and '769 patents are continuations of a prior application filed by ACQIS, issued as U.S. Patent No. 6,718,415 (the "'415 patent"). The license and settlement agreement at issue here dismissed a prior litigation ACQIS brought against NexCom in 2009. *See ACQIS LLC v. Int'l Bus. Machs. Corp. et al.*, No. 6:09-cv-00148, Dkt. Nos. 129 (Notice of Settlement by NexCom), 196 (Stipulation of Dismissal of NexCom by ACQIS), 197 (Order Granting Stipulation of Dismissal) (E.D. Tex.). That litigation involved, *inter alia*, the '415 patent. *See id.* at Dkt. No. 1 (Complaint), ¶¶ 32-66. Because of its connection to the Asserted Patents, certain expert witnesses, who have offered opinions in prior cases brought by ACQIS involving the Asserted Patents, have cited the license and settlement agreement as evidence relevant to the determination of a reasonable royalty. *See, e.g.*, *ACQIS LLC v. ASUSTeK Comput., Inc.*, No. 6:20-cv-966-ADA, Dkt. No. 342 (Trial Tr. Vol. 2) at 266-71 (W.D. Tex.).

Hon Hai served requests for production on ACQIS soon after discovery opened in May 2024. (Caine Decl.[2] Ex. 1.) Among the documents requested was the license and settlement agreement as well as other materials related to that agreement. (*See id.* at 22 (*e.g.*, Request No. 51 (documents related to "the licensing or authorization to use . . . Related Patents")).) Shortly thereafter, in June 2024, ACQIS sent a letter to NexCom requesting permission to produce the license and settlement agreement pursuant to Hon Hai's discovery requests.

---

[2] "Caine Decl." refers to the Declaration of David A. Caine in Support of this Motion, filed concurrently herewith.

(Caine Decl. Ex. 2.)  In addition, in September 2024, ACQIS served subpoenas on NexCom in both this and the *Quanta* litigation requesting that NexCom produce the license and settlement agreement.  (Caine Decl. Ex. 3; Ex. 4.)  ACQIS later provided courtesy copies of the subpoenas to NexCom's outside counsel.  (Caine Decl. Ex. 5 at 4.)  ACQIS clarified that it "already ha[s] this agreement in our possession, so the only thing we need from Nex Computers is permission to produce the agreement under the protective orders in our cases. . . . We are not asking Nex Computers to collect and produce any documents or information, nor are we seeking to take any depositions." (*Id.*)

NexCom objected to the subpoenas and made clear that "your avenue should you wish to use that agreement in litigation on behalf of [ACQIS] is to seek permission to do so from the court, rather than to subpoena it from Nex." (Caine Decl. Ex. 6 at 2.)  Quanta Computer, Inc. subsequently moved to authorize ACQIS to produce the same set of NexCom materials at issue here in the *Quanta* litigation.  *See ACQIS LLC v. Quanta Comput., Inc.*, No. 6:23-cv-00265-ADA, Dkt. No. 113 (W.D. Tex. Sept. 24, 2024).  The Court granted the motion the following day and ordered production by October 9.  *See ACQIS LLC v. Quanta Comput., Inc.*, No. 6:23-cv-00265-ADA, Dkt. No. 114 (W.D. Tex. Sept. 25, 2024).  ACQIS now seeks authorization to produce the same materials to Hon Hai.

In correspondence, counsel for Hon Hai indicated that they do not oppose this motion or intend to file an opposition.  (Caine Decl. Ex. 7 at 2.)  NexCom opposes this motion (*see* Caine Decl. Ex. 5 at 3), but "will comply with any court order made requiring [it] to turn over this document." (Caine Decl. Ex. 6 at 5).

4

## **ARGUMENT**

The Court should authorize production of the NexCom materials.[3] "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In addition, information "need not be admissible in evidence to be discoverable." *Id*. The license and settlement agreement is discoverable. The Federal Circuit has held that "settlement agreements can be pertinent to the issue of reasonable royalties" and "settlement negotiations related to reasonable royalties and damage calculations are not protected by a settlement negotiation privilege." *In re MSTG, Inc.*, 675 F.3d 1337, 1348 (Fed. Cir. 2012). For this reason, and as discussed above, certain expert witnesses, who have offered opinions in prior cases brought by ACQIS involving the Asserted Patents, have cited the license and settlement agreement as evidence relevant to the determination of a reasonable royalty. Both parties need access to the agreement, and Hon Hai has demanded the production of prior litigation materials that cite or discuss the agreement.

Moreover, authorization to produce the subject materials will alleviate any and all potential burden on NexCom. All of the subject materials are already in the possession of ACQIS. With authorization, ACQIS will produce these materials without any involvement from NexCom, therefore precluding any burden to NexCom. If ACQIS is not authorized to produce these materials, however, then one or both of the parties may seek these materials directly from NexCom, resulting in an additional and unnecessary burden to NexCom.

---

[3] ACQIS has sought consent from third parties to produce prior litigation materials, including those subject to this motion, that include information the third parties designated as confidential. Some third parties have consented whereas others have objected in-whole or in-part. Accordingly, with the Court's authorization, ACQIS must produce the litigation materials subject to this motion (*i.e.*, that cite or discuss the NexCom license and settlement agreement) with redactions to avoid revealing the confidential information of non-consenting third parties other than NexCom. These same redactions were included in the production authorized in the *Quanta* litigation.

Further, the fact that the terms of the license and settlement agreement are confidential does not prevent production. *See Peer Commc'ns Corp. v. Skype Techs. SA*, No. 6:06CV370, 2008 WL 11344904, at *1 (E.D. Tex. Mar. 10, 2008) ("The law is clear, parties may not use confidentiality agreements to subvert the discovery rules."). To the contrary, an order authorizing production is necessary to ensure "the integrity of the discovery process" given that the license and settlement agreement is discoverable and NexCom's refusal to permit production. *Id.*

Last, the protective order in this matter, Dkt. No. 36, is sufficient to mitigate third-party confidentiality concerns. Pursuant to the protective order, ACQIS will mark all documents as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." That designation will limit disclosure of the materials to the parties' outside counsel and employees thereof, outside consultants or experts retained for this case, a mediator assigned to this case, independent litigation support services, and the Court and its personnel. *See* Dkt. No. 36, §§ 7, 11. Thus, NexCom's confidential business information will be protected.

For all of these reasons, ACQIS respectfully requests that the Court authorize and order ACQIS to produce the materials subject to this motion.

---

## **CONCLUSION**

For the foregoing reasons, ACQIS respectfully requests that the Court grant its motion to authorize production of its settlement and license agreement with NexCom and litigation materials pertaining to the same with redactions for the confidential information of other, non-consenting third parties.


Dated:   October 8, 2024                                    Respectfully submitted,


                                                           */s/ David A. Caine by permission Garrett*
By:   *Parish*
David A. Caine
Arnold & Porter Kaye Scholer LLP
3000 El Camino Real,
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306
Phone: (650) 319-4500
Email: david.caine@arnoldporter.com

Charles Everingham, IV
Claire Abernathy Henry
Garrett C. Parish
Andrea L. Fair
Miller Fair Henry PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Phone: 903-757-6400
Email: chad@millerfairhenry.com
Email: claire@millerfairhenry.com
Email: garrett@millerfairhenry.com
Email: andrea@millerfairhenry.com

***Attorneys for Plaintiff***
***ACQIS LLC***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on October 8, 2024, I caused the foregoing document, titled **PLAINTIFF ACQIS LLC'S MOTION TO AUTHORIZE PRODUCTION OF MATERIALS REGARDING NEX COMPUTERS, INC.**, to be served as an attachment to electronic mail addressed to counsel of record.

                */s/ Garrett Parish*
                Garrett Parish