**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| ACQIS LLC,<br>a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HON HAI PRECISION INDUSTRY CO., LTD., dba Foxconn, a Taiwanese corporation, HONGFUJIN PRECISION ELECTRONICS (CHENGDU) CO., LTD., a China corporation; FUTAIHUA INDUSTRIAL (SHENZHEN) CO., LTD., a China corporation; FOXCONN PRECISION ELECTRONICS (TAIYUAN) CO., LTD., a China corporation; HONGFUJIN PRECISION ELECTRONICS (ZHENGZHOU) CO., LTD., a China corporation; FOXCONN IMAGE AND PRINTING PRODUCT PTE. LTD., a Singapore corporation; FALCON PRECISION TRADING PTE. LTD., a Singapore corporation; FAST VICTOR LIMITED, a Samoa corporation; and FOXCONN SINGAPORE PTE. LTD., a Singapore corporation,<br><br>Defendants. | Case No. 6:23-cv-264-ADA<br><br>JURY TRIAL DEMANDED |

# DEFENDANTS ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

Defendants Hon Hai Precision Industry Co., Ltd., a Taiwanese corporation; Hongfujin Precision Electronics (Chengdu) Co., Ltd., a China corporation; Futaihua Industrial (Shenzhen) Co., Ltd., a China corporation; Foxconn Precision Electronics (Taiyuan) Co., Ltd., a China corporation; Hongfujin Precision Electronics (Zhengzhou) Co., Ltd., a China corporation;

Foxconn Image and Printing Product Pte. Ltd., a Singapore corporation; Falcon Precision Trading Pte. Ltd., a Singapore corporation; Fast Victor Limited, a Samoa corporation; and Foxconn Singapore Pte. Ltd., a Singapore corporation (hereinafter "Defendants") hereby state the following as their Answer to the First Amended Complaint of ACQIS LLC, a Texas limited liability company ("Plaintiff" or "ACQIS"). Except as otherwise expressly admitted below, Defendants deny each allegation of the First Amended Complaint.

## INTRODUCTION

1. Defendants admit that this is a patent infringement action. Defendants lack knowledge or information about the truth of the allegations of paragraph 1, and, therefore, deny them.

2. Defendants admit that Exhibits 1-5 appear on their face to be copies of U.S. Patent Nos. 9,703,750 ("'750 patent"), 8,977,797 ("'797 patent"), 9,529,769 ("'769 patent"), RE45,140 ("'140 patent"), and RE44,654 ("'654 patent") (collectively, the "Asserted Patents"). Defendants deny the remaining allegations of paragraph 2.

3. Denied.

4. Defendants admit that ACQIS seeks damages and other relief. Defendants deny that ACQIS is entitled to any relief and deny the remaining allegations of paragraph 4.

## THE PARTIES AND RELATED ENTITIES

5. Defendants lack knowledge or information to form a belief about the truth of the allegations of paragraph 5 and, therefore, deny them.

6. Defendants admit that Hon Hai Precision Industry Co., Ltd. is a corporation organized and existing under the laws of Taiwan, with its principal place of business at No. 66,

Zhongshan Road, Tucheng Industrial Zone, Tucheng Dist., New Taipei City, Taiwan, R.O.C. Defendants deny the remaining allegations of paragraph 6.

7. Defendants admit that various independent companies sometimes colloquially referred to as "Foxconn" collectively have manufacturing centers in several different countries. Defendants deny the remaining allegations of paragraph 7.

8. Defendants admit that Hongfujin Precision Electronics (Chengdu) Co., Ltd. is a wholly-owned subsidiary of Hon Hai Precision Industry Co., Ltd. and a Chinese company with its principal place of business at No. 888 Hezuo Rd., Gaoxin W. District, Chengdu City, Sichuan Province, China. Defendants deny the remaining allegations in paragraph 8.

9. Defendants admit that Futaihua Industrial (Shenzhen) Co., Ltd. is a wholly-owned subsidiary of Hon Hai Precision Industry Co., Ltd. and a Chinese company with its principal place of business at Building C32, Unit 301, Block 1502, Hongguan Complex, Xingfu Community, Guanguang Road, Fucheng Street, Longhua District, Shenzhen City, China. Defendants deny the remaining allegations in paragraph 9.

10. Defendants admit that Foxconn Precision Electronics (Taiyuan) Co., Ltd. is a wholly-owned subsidiary of Hon Hai Precision Industry Co., Ltd. and a Chinese company with its principal place of business at No.1 Longfei Rd., Tanghuai Park, Shanxi Transformation and Comprehensive Zone, Shanxi Province, China. Defendants deny the remaining allegations in paragraph 10.

11. Defendants admit that Hongfujin Precision Electronics (Zhengzhou) Co., Ltd. is a wholly-owned subsidiary of Hon Hai Precision Industry Co., Ltd. and a Chinese company with its principal place of business at Comprehensive Bonded Area, East-side Of Zhenxing Road,

Zhengzhou Airport District., Zhengzhou, Henan, China. Defendants deny the remaining allegations in paragraph 11.

12. Defendants admit that Foxconn Image and Printing Product Pte. Ltd. is a wholly-owned subsidiary of Hon Hai Precision Industry Co., Ltd. and a Singapore company with its principal place of business at 54 Genting Lane #03-05, Ruby Lane Complex, Singapore (349562). Defendants deny the remaining allegations in paragraph 12.

13. Defendants admit that Falcon Precision Trading Pte. Ltd. is a wholly-owned subsidiary of Hon Hai Precision Industry Co., Ltd. and a Singapore company with its principal place of business at 54 Genting Lane #03-05, Ruby Lane Complex, Singapore (349562). Defendants deny the remaining allegations in paragraph 13.

14. Defendants admit that Fast Victor Limited is a wholly-owned subsidiary of Hon Hai Precision Industry Co., Ltd. and a Samoa company with its principal place of business at Vistra Corporate Services Centre, Ground Floor NPF Building, Beach Road, Apia, Samoa. Defendants deny the remaining allegations in paragraph 14.

15. Defendants admit that Foxconn Singapore Pte. Ltd. is a wholly-owned subsidiary of Hon Hai Precision Industry Co., Ltd. and a Singapore company with its principal place of business at 54 Genting Lane #03-05, Ruby Lane Complex, Singapore (349562). Defendants deny the remaining allegations in paragraph 15.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Defendants lack knowledge or information to form a belief about the truth of the allegations of paragraph 20 and, therefore, deny them.

21. Defendants admit that Hon Hai Precision Industry Co., Ltd. and/or one of its subsidiaries has manufactured tablet computers. Defendants deny the remaining allegations of paragraph 21.

22. Defendants admit that Hon Hai Precision Industry Co., Ltd. and/or one of its subsidiaries has manufactured personal computers. Defendants deny the remaining allegations of paragraph 22.

23. Defendants admit that Hon Hai Precision Industry Co., Ltd. is the parent corporation of Foxconn (Far East) Limited. Defendants lack knowledge or information to form a belief about the truth of the remaining allegations of paragraph 23, and on that basis denies them.

24. Denied.

25. Defendants admit that Hon Hai Precision Industry Co., Ltd. and/or one of its subsidiaries has manufacturing facilities in countries outside of P.R.C. Defendants deny the remaining allegations of paragraph 25.

26. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in Paragraph 26 as inconsistent with the foregoing.

27. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in Paragraph 27 as inconsistent with the foregoing.

## JURISDICTION AND VENUE

28. Defendants admit that the First Amended Complaint purports to arise under the patent laws of the United States, Title 35 of the United States Code.

29. Defendants admit that this Court has subject matter jurisdiction over patent law claims arising under 28 U.S.C. §§ 1331 and 1338(a).

30. Defendants do not contest, solely for the purpose of the present litigation, whether personal jurisdiction properly lies in this District. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. To the extent the allegations in Paragraph 30 constitute conclusions of law, no response of Defendants is required; to the extent an answer is deemed required, Defendants deny the allegations in paragraph 30.

31. Defendants admit that Hon Hai Precision Industry Co., Ltd. has registered with the Texas Secretary of State as a foreign corporation organized under the laws of Taiwan.

32. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in Paragraph 32 as inconsistent with the foregoing.

33. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in Paragraph 33 as inconsistent with the foregoing.

34. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in Paragraph 34 as inconsistent with the foregoing.

35. Defendants lack knowledge or information to form a belief about the truth of the allegations of paragraph 35 and, therefore, deny them.

36. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in Paragraph 36 as inconsistent with the foregoing.

37. Defendants do not contest, solely for the purpose of the present litigation, whether personal jurisdiction properly lies in this District. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. To the extent the allegations in Paragraph 37 constitute conclusions of law, no response of Defendants is required; to the extent an answer is deemed required, Defendants deny the allegations in paragraph 37.

38. Defendants do not contest, solely for the purpose of the present litigation, whether venue properly lies in this District. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. To the extent the allegations in Paragraph 38 constitute conclusions of law, no response of Defendants is required; to the extent an answer is deemed required, Defendants deny the allegations in paragraph 38.

39. Defendants admit that the Asserted Patents have previously been asserted in cases before this Court. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. To the extent the allegations in Paragraph 39 constitute conclusions of law, no response of Defendants is required; to the extent an answer is deemed required, Defendants deny the allegations in paragraph 39.

## FACTUAL BACKGROUND

### Dr. Chu and the ACQIS Patent

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and on that basis deny them.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and on that basis deny them.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and on that basis deny them.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and on that basis deny them.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and on that basis deny them.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and on that basis deny them.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and on that basis deny them.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and on that basis deny them.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and on that basis deny them.

49. Defendants admit that the ’750 patent is titled “Computer System Including CPU or Peripheral Bridge Directly Connected to a Low Voltage Differential Signal Channel that Communicates Serial Bits of a Peripheral Component Interconnect Bus Transaction in Opposite

Directions." Defendants admit that the face of the patent attached to the First Amended Complaint as Exhibit 1 states that the patent was issued on July 11, 2017, from a patent application filed October 9, 2014. Defendants admit that the face of the patent attached to the First Amended Complaint as Exhibit 1 purports to list William W.Y. Chu as the sole named inventor. Defendants admit that the face of the patent attached to the First Amended Complaint as Exhibit 1 states that the patent claims priority to U.S. Provisional Patent Application No. 60/134,122, filed on May 14, 1999. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 and on that basis deny them.

50. Defendants admit that the '797 patent is titled "Method of Improving Peripheral Component Interface Communications Utilizing a Low Voltage Differential Signal Channel." Defendants admit that the face of the patent attached to the First Amended Complaint as Exhibit 2 states that the patent was issued on March 10, 2015, from a patent application filed October 10, 2012. Defendants admit that the face of the patent attached to the First Amended Complaint as Exhibit 2 purports to list William W.Y. Chu as the sole named inventor. Defendants admit that the face of the patent attached to the First Amended Complaint as Exhibit 2 states that the patent claims priority to U.S. Provisional Patent Application No. 60/134,122, filed on May 14, 1999.

51. Defendants admit that the '769 patent is titled "Computer System Including CPU or Peripheral Bridge Directly Connected to a Low Voltage Differential Signal Channel that Communicates Serial Bits of a Peripheral Component Interconnect Bus Transaction In Opposite Directions." Defendants admit that the face of the patent attached to the First Amended Complaint as Exhibit 3 states that the patent was issued on December 27, 2016, from a patent application filed February 26, 2016. Defendants admit that the face of the patent attached to the First Amended Complaint as Exhibit 3 purports to list William W.Y. Chu as the sole named inventor. Defendants

admit that the face of the patent attached to the First Amended Complaint as Exhibit 3 states that the patent claims priority to U.S. Patent Application No. 11/097,694, filed on March 31, 2005.

52. Defendants admit that the '140 patent is titled "Data Security Method and Device for Computer Modules." Defendants admit that the face of the patent attached to the First Amended Complaint as Exhibit 4 states that the patent was issued on September 16, 2014, from a reissue application filed December 17, 2013. Defendants admit that the face of the patent attached to the First Amended Complaint as Exhibit 4 purports to list William W.Y. Chu as the sole named inventor. The '140 patent is a reissue of U.S. Patent No. 6,643,777, which issued on November 4, 2003, from a patent application filed May 14, 1999. Defendants admit that the face of the patent attached to the First Amended Complaint as Exhibit 4 states that the patent claims priority to U.S. Patent Application No. 09/312,199, filed on May 14, 1999.

53. Defendants admit that the '654 patent is titled "Data Security Method and Device for Computer Modules." Defendants admit that the face of the patent attached to the First Amended Complaint as Exhibit 1 states that the patent was issued on December 17, 2013, from a reissue application filed October 10, 2012. Defendants admit that the face of the patent attached to the First Amended Complaint as Exhibit 5 purports to list William W.Y. Chu as the sole named inventor. The '654 patent is a reissue of U.S. Patent No. 6,643,777, which issued on November 4, 2003, from a patent application filed May 14, 1999. Defendants admit that the face of the patent attached to the First Amended Complaint as Exhibit 5 states that the patent claims priority to U.S. Patent Application No. 09/312,199, filed on May 14, 1999.

54. Denied.

55. Denied.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and on that basis deny them.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and on that basis deny them.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and on that basis deny them.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and on that basis deny them.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and on that basis deny them.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and on that basis deny them.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and on that basis deny them.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and on that basis deny them.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and on that basis deny them.

65. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and on that basis deny them.

**Hon Hai's Products**

66. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in paragraph 66 as inconsistent with the foregoing.

67. Defendants deny the allegations of paragraph 67 of the First Amended Complaint.

68. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in paragraph 68 as inconsistent with the foregoing.

69. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in paragraph 69 as inconsistent with the foregoing.

70. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in paragraph 70 as inconsistent with the foregoing.

71. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in paragraph 71 as inconsistent with the foregoing.

72. Paragraph 72 purportedly defines "Accused Hon Hai Products" and therefore is neither denied nor admitted. To the extent a response is deemed required, the allegations in Paragraph 72 are denied.

73. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in paragraph 73 as inconsistent with the foregoing.

74. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in paragraph 74 as inconsistent with the foregoing.

75. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in paragraph 75 as inconsistent with the foregoing.

76. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in paragraph 76 as inconsistent with the foregoing.

77. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and on that basis deny them.

78. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 and on that basis deny them.

79. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 and on that basis deny them.

80. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and on that basis deny them.

81. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 and on that basis deny them.

82. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 and on that basis deny them.

83. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 and on that basis deny them.

84. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 and on that basis deny them.

85. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 and on that basis deny them.

86. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 and on that basis deny them.

87. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 and on that basis deny them.

88. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in paragraph 88 as inconsistent with the foregoing.

89. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in paragraph 89 as inconsistent with the foregoing.

90. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in paragraph 90 as inconsistent with the foregoing.

91. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 and on that basis deny them.

92. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and on that basis deny them.

93. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 and on that basis deny them.

94. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 and on that basis deny them.

95. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 and on that basis deny them.

96. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 and on that basis deny them.

97. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 and on that basis deny them.

98. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 and on that basis deny them.

99. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 and on that basis deny them.

100. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 and on that basis deny them.

101. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in paragraph 101 as inconsistent with the foregoing.

102. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in paragraph 102 as inconsistent with the foregoing.

103. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in paragraph 103 as inconsistent with the foregoing.

104. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 and on that basis deny them.

105. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 and on that basis deny them.

106. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 and on that basis deny them.

107. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 and on that basis deny them.

108. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 and on that basis deny them.

109. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 and on that basis deny them.

110. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 and on that basis deny them.

111. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 and on that basis deny them.

112. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 and on that basis deny them.

113. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 and on that basis deny them.

114. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in paragraph 114 as inconsistent with the foregoing.

115. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in paragraph 115 as inconsistent with the foregoing.

116. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in paragraph 116 as inconsistent with the foregoing.

117. Defendants deny that any Defendant has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations in paragraph 117 as inconsistent with the foregoing.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 9,703,750

118. Defendants reassert and incorporate the responses to paragraphs 1-117 of the First Amended Complaint.

119. Paragraph 119 appears to constitute a conclusion of law and no response of Defendants is required; to the extent an answer is deemed required, Defendants deny the allegations in paragraph 119.

120. Defendants deny the allegations in paragraph 120 and incorporate the responses to paragraphs 76-117.

121. Defendants deny the allegations in paragraph 121.

122. Defendants deny the allegations in paragraph 122 and incorporate the responses to paragraphs 90-102.

123. Defendants deny the allegations in paragraph 123.

124. Paragraph 124 appears to constitute a conclusion of law and no response of Defendants is required; to the extent an answer is deemed required, Defendants deny the allegations in paragraph 124.

125. Defendants deny the allegations in paragraph 125. and incorporate the responses to paragraphs 103-117.

126. Defendants deny the allegations in paragraph 126.

127. Paragraph 127 appears to constitute a conclusion of law and no response of Defendants is required; to the extent an answer is deemed required, Defendants deny the allegations in paragraph 127.

128. Defendants deny the allegations in paragraph 128.

129. Defendants deny the allegations in paragraph 129.

**COUNT II**

**INFRINGEMENT OF U.S. PATENT NO. 8,977,797**

130. Defendants reassert and incorporate the responses to paragraphs 1-117 of the First Amended Complaint.

131. Paragraph 131 appears to constitute a conclusion of law and no response of Defendants is required; to the extent an answer is deemed required, Defendants deny the allegations in paragraph 131.

132. Defendants deny the allegations in paragraph 132 and incorporate the responses to paragraphs 76-117.

133. Defendants deny the allegations in paragraph 133.

134. Defendants deny the allegations in paragraph 134 and incorporate the responses to paragraphs 76-89.

135. Defendants deny the allegations in paragraph 135.

136. Paragraph 136 appears to constitute a conclusion of law and no response of Defendants is required; to the extent an answer is deemed required, Defendants deny the allegations in paragraph 136.

137. Defendants deny the allegations in paragraph 137 and incorporate the responses to paragraphs 90-102.

138. Defendants deny the allegations in paragraph 138.

139. Paragraph 139 appears to constitute a conclusion of law and no response of Defendants is required; to the extent an answer is deemed required, Defendants deny the allegations in paragraph 139.

140. Defendants deny the allegations in paragraph 140 and incorporate the responses to paragraphs 103-117.

141. Defendants deny the allegations in paragraph 141.

142. Paragraph 142 appears to constitute a conclusion of law and no response of Defendants is required; to the extent an answer is deemed required, Defendants deny the allegations in paragraph 142.

143. Defendants deny the allegations in paragraph 143.

144. Defendants deny the allegations in paragraph 144.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 9,529,769

145. Defendants reassert and incorporate the responses to paragraphs 1-117 of the First Amended Complaint.

146. Paragraph 146 appears to constitute a conclusion of law and no response of Defendants is required; to the extent an answer is deemed required, Defendants deny the allegations in paragraph 146.

147. Defendants deny the allegations in paragraph 147 and incorporate the responses to paragraphs 76-117.

148. Defendants deny the allegations in paragraph 148.

149. Defendants deny the allegations in paragraph 149 and incorporate the responses to paragraphs 90-102.

150. Defendants deny the allegations in paragraph 150.

151. Paragraph 151 appears to constitute a conclusion of law and no response of Defendants is required; to the extent an answer is deemed required, Defendants deny the allegations in paragraph 151.

152. Defendants deny the allegations in paragraph 152. and incorporate the responses to paragraphs 103-117.

153. Defendants deny the allegations in paragraph 153.

154. Paragraph 154 appears to constitute a conclusion of law and no response of Defendants is required; to the extent an answer is deemed required, Defendants deny the allegations in paragraph 154.

155. Defendants deny the allegations in paragraph 155.

156. Defendants deny the allegations in paragraph 156.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. RE45,140

157. Defendants reassert and incorporate the responses to paragraphs 1-117 of the First Amended Complaint.

158. Paragraph 158 appears to constitute a conclusion of law and no response of Defendants is required; to the extent an answer is deemed required, Defendants deny the allegations in paragraph 158.

159. Defendants deny the allegations in paragraph 159 and incorporate the responses to paragraphs 76-117.

160. Defendants deny the allegations in paragraph 160.

161. Defendants deny the allegations in paragraph 161 and incorporate the responses to paragraphs 76-89.

162. Defendants deny the allegations in paragraph 162.

163. Paragraph 163 appears to constitute a conclusion of law and no response of Defendants is required; to the extent an answer is deemed required, Defendants deny the allegations in paragraph 163.

164. Defendants deny the allegations in paragraph 164 and incorporate the responses to paragraphs 90-102.

165. Defendants deny the allegations in paragraph 165.

166. Paragraph 166 appears to constitute a conclusion of law and no response of Defendants is required; to the extent an answer is deemed required, Defendants deny the allegations in paragraph 166.

167. Defendants deny the allegations in paragraph 167 and incorporate the responses to paragraphs 103-117.

168. Defendants deny the allegations in paragraph 168.

169. Paragraph 169 appears to constitute a conclusion of law and no response of Defendants is required; to the extent an answer is deemed required, Defendants deny the allegations in paragraph 169.

170. Defendants deny the allegations in paragraph 170.

171. Defendants deny the allegations in paragraph 171.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. RE44,654

172. Defendants reassert and incorporate the responses to paragraphs 1-117 of the First Amended Complaint.

173. Paragraph 173 appears to constitute a conclusion of law and no response of Defendants is required; to the extent an answer is deemed required, Defendants deny the allegations in paragraph 173.

174. Defendants deny the allegations in paragraph 174 and incorporate the responses to paragraphs 76-117.

175. Defendants deny the allegations in paragraph 175.

176. Defendants deny the allegations in paragraph 176 and incorporate the responses to paragraphs 90-102.

177. Defendants deny the allegations in paragraph 177.

178. Paragraph 178 appears to constitute a conclusion of law and no response of Defendants is required; to the extent an answer is deemed required, Defendants deny the allegations in paragraph 178.

179. Defendants deny the allegations in paragraph 179 and incorporate the responses to paragraphs 103-117.

180. Defendants deny the allegations in paragraph 180.

181. Paragraph 181 appears to constitute a conclusion of law and no response of Defendants is required; to the extent an answer is deemed required, Defendants deny the allegations in paragraph 181.

182. Defendants deny the allegations in paragraph 182 and incorporate the responses to paragraphs 103-117.

183. Defendants deny the allegations in paragraph 183.

184. Defendants deny the allegations in paragraph 184.

185. Defendants deny the allegations in paragraph 185.

## JURY TRIAL DEMANDED

This Paragraph sets forth ACQIS' request for a jury trial to which no response is required.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by ACQIS. Defendants deny that ACQIS is entitled to any relief or damages and specifically denies all the allegations and prayers for relief in paragraphs A through C of ACQIS' prayer for relief.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Defendants allege and assert the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed

affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Defendants specifically reserve the right to allege additional affirmative defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

## NON-INFRINGEMENT

Defendants have not infringed and do not infringe any valid and enforceable claim of the ’750 patent, ’797 patent, ’769 patent, ’140 patent, or the ’654 patent, either directly or indirectly, and either literally or under the doctrine of equivalents. Defendants are not liable for infringement of any valid and enforceable claim of the ’750 patent, ’797 patent, ’769 patent, ’140 patent, or the ’654 patent. Defendants have not willfully infringed the ’750 patent, ’797 patent, ’769 patent, ’140 patent, or the ’654 patent.

## SECOND AFFIRMATIVE DEFENSE

## PATENT INVALIDITY

The claims of the ’750 patent, ’797 patent, ’769 patent, ’140 patent, or the ’654 patent are invalid and unenforceable under 35 U.S.C. § 101 because the claims are directed to abstract ideas or other non-statutory subject matter.

The claims of the ’750 patent, ’797 patent, ’769 patent, ’140 patent, or the ’654 patent are invalid and unenforceable under 35 U.S.C. § 102 because the claims lack novelty and are taught and suggested by the prior art.

The claims of the ’750 patent, ’797 patent, ’769 patent, ’140 patent, or the ’654 patent are invalid and unenforceable under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

The claims of the ’750 patent, ’797 patent, ’769 patent, ’140 patent, or the ’654 patent are invalid due to obviousness-type double patenting.

The claims of the ’750 patent, ’797 patent, ’769 patent, ’140 patent, or the ’654 patent are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

The claims of the ’750 patent, ’797 patent, ’769 patent, ’140 patent, or the ’654 patent are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 116.

## THIRD AFFIRMATIVE DEFENSE

## PROSECUTION HISTORY ESTOPPEL

By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicants during the prosecution of the patent applications that led to the issuance of the ’750 patent, ’797 patent, ’769 patent, ’140 patent, or the ’654 patent, Plaintiff is barred, under the doctrines of prosecution disclaimer and prosecution history estoppel, from construing the claims of the Asserted Patents is such a way that may cover any of Defendants’ products, and Plaintiff’s claims against Defendants are barred in whole or in part by the doctrines of prosecution disclaimer and prosecution history estoppel.

## FOURTH AFFIRMATIVE DEFENSE

## EQUITABLE DOCTRINES

Upon information and belief, Plaintiff’s claims against Defendants are barred, in whole or in part, by the doctrine of unclean hands, the doctrine of estoppel, prosecution laches, disclaimer, patent misuse, and/or waiver.

**FIFTH AFFIRMATIVE DEFENSE**

**COLLATERAL ESTOPPEL**

Upon information and belief, Plaintiff's claims against Defendants are barred, in whole or in part, by the doctrine of collateral estoppel, the *Kessler* doctrine, or the doctrine of res judicata.

**SIXTH AFFIRMATIVE DEFENSE**

**LIMITATION ON PATENT DAMAGES**

Plaintiff's claims for damages, if any, against Defendants for alleged infringement of the Asserted Patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

**SEVENTH AFFIRMATIVE DEFENSE**

**SUBSTANTIAL NON-INFRINGING USES**

Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the Asserted Patents.

**EIGHTH AFFIRMATIVE DEFENSE**

**FAILURE TO STATE A CLAIM**

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted, including, but not limited to, failure of Plaintiff's First Amended Complaint to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

**NINTH AFFIRMATIVE DEFENSE**

**WAIVER AND ESTOPPEL**

Plaintiff's claims for relief are barred in whole or in part by the doctrine of waiver and/or estoppel.

**TENTH AFFIRMATIVE DEFENSE**

**REVERSE DOCTRINE OF EQUIVALENTS**

Plaintiff is not entitled to any relief on its patent infringement claims relating to the Asserted Patents to the extent they are barred by the reverse doctrine of equivalents.

**ELEVENTH AFFIRMATIVE DEFENSE**

**NO ENHANCED DAMAGES**

Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284.

**TWELFTH AFFIRMATIVE DEFENSE**

**NO ATTORNEYS' FEES**

Defendants did not have notice of the Asserted Patents prior to the filing of the lawsuit and have a good faith belief that the Asserted Patents are invalid and not infringed. Accordingly, Plaintiff cannot obtain attorneys' fees and costs and cannot demonstrate an exceptional case under 35 U.S.C. § 285.

## THIRTEENTH AFFIRMATIVE DEFENSE

## LICENSING AND EXHAUSTION

Components used in assembly of the accused products have been specifically licensed by ACQIS, and therefore, the asserted patent rights are exhausted as to use of the components in the accused product assembly and downstream sales.

## FOURTEENTH AFFIRMATIVE DEFENSE

## INNOCENT IMPORTER SAFE HARBOR

Because Defendants lacked knowledge of the asserted patents until after their expiration, and Defendants do not personally perform or control all the steps of the methods, they are innocent importers for whom no patent infringement liability can arise.

## RESERVATION OF AFFIRMATIVE DEFENSES

Defendants hereby reserve the right to supplement, withdraw and/or modify its affirmative defenses as discovery proceeds and facts are developed in this case.

## COUNTERCLAIMS FOR DECLARATORY RELIEF

In further response to the First Amended Complaint, without admitting the burden of proof on any issues, Hon Hai Precision Industry Co., Ltd., a Taiwanese corporation; Hongfujin Precision Electronics (Chengdu) Co., Ltd., a China corporation; Futaihua Industrial (Shenzhen) Co., Ltd., a China corporation; Foxconn Precision Electronics (Taiyuan) Co., Ltd., a China corporation; Hongfujin Precision Electronics (Zhengzhou) Co., Ltd., a China corporation; Foxconn Image and Printing Product Pte. Ltd., a Singapore corporation; Falcon Precision Trading Pte. Ltd., a Singapore corporation; Fast Victor Limited, a Samoa corporation; and Foxconn Singapore Pte. Ltd., a Singapore corporation ("Counter-Claimants"), and without conceding personal jurisdiction,

or that this venue is more conveniently or equally convenient to other venues in which Plaintiff's claims and Counter-Claimants' counterclaims could be resolved, Counter-Claimants allege as follows:

1. Hon Hai Precision Industry Co., Ltd., a Taiwanese corporation is a Taiwanese company with its principal place of business at No. 66, Zhongshan Road, Tucheng Industrial Zone, Tucheng Dist., New Taipei City, Taiwan, R.O.C..

2. Hongfujin Precision Electronics (Chengdu) Co., Ltd., a China corporation is a China company with its principal place of business at No. 888 Hezuo Rd., Gaoxin W. District, Chengdu City, Sichuan Province, China.

3. Futaihua Industrial (Shenzhen) Co., Ltd., a China corporation, is a China company with its principal place of business at Building C32, Unit 301, Block 1502, Hongguan Complex, Xingfu Community, Guanguang Road, Fucheng Street, Longhua District, Shenzhen City, China.

4. Foxconn Precision Electronics (Taiyuan) Co., Ltd. is a wholly-owned subsidiary of Hon Hai Precision Industry Co., Ltd. and a Chinese company with its principal place of business at No.1 Longfei Rd., Tanghuai Park, Shanxi Transformation and Comprehensive Zone, Shanxi Province, China.

5. Hongfujin Precision Electronics (Zhengzhou) Co., Ltd. is a wholly-owned subsidiary of Hon Hai Precision Industry Co., Ltd. and a Chinese company with its principal place of business at Comprehensive Bonded Area, East of Zhengxing Rd., Zhengzhou Airport Economy Zone, China.

6. Foxconn Image and Printing Product Pte. Ltd. is a wholly-owned subsidiary of Hon Hai Precision Industry Co., Ltd. and a Singapore company with its principal place of business at 54 Genting Lane #03-05, Ruby Lane Complex, Singapore (349562).

7. Falcon Precision Trading Pte. Ltd. is a wholly-owned subsidiary of Hon Hai Precision Industry Co., Ltd. and a Singapore company with its principal place of business at 54 Genting Lane #03-05, Ruby Lane Complex, Singapore (349562).

8. Fast Victor Limited is a wholly-owned subsidiary of Hon Hai Precision Industry Co., Ltd. and a Samoa company with its principal place of business at Vistra Corporate Services Centre, Ground Floor NPF Building, Beach Road, Apia, Samoa.

9. Foxconn Singapore Pte. Ltd. is a wholly-owned subsidiary of Hon Hai Precision Industry Co., Ltd. and a Singapore company with its principal place of business at 54 Genting Lane #03-05, Ruby Lane Complex, Singapore (349562).

10. According to ACQIS LLC in its First Amended Complaint, it is a limited liability company organized and existing under the laws of the State of Texas, with offices at 411 Interchange Street, McKinney, Texas 75071. A related entity, ACQIS Technology, Inc., is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1503 Grant Road, Suite 100, Mountain View, California 94040. ACQIS LLC is operated from California, where its President, Dr. William Chu, resides. Dr. Chu is also the Chief Executive Officer of ACQIS Technology, Inc.

**<u>JURISDICTION AND VENUE</u>**

11. By filing its Complaint, ACQIS consented to the personal jurisdiction of this Court.

12. The counterclaims recited below arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 2201-2202, 1331, and 1338.

13. By filing its Complaint, in response to which the counterclaims recited below are asserted, ACQIS consented to venue in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**COUNTERCLAIM ONE:**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’797 PATENT**

14. Counter-Claimants repeat and reallege each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

15. Counter-Claimants counterclaims against ACQIS pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

16. In its First Amended Complaint, ACQIS alleges that Counter-Claimants are infringing the ’797 patent and that the ’797 patent is valid and enforceable.

17. An actual controversy exists between ACQIS and Counter-Claimants by virtue of the allegations in ACQIS’ First Amended Complaint and Defendants’ Answer, as to the validity and infringement of the asserted claims of the ’797 patent.

18. Defendants have not infringed any asserted claim of the ’797 patent, either literally or through the doctrine of equivalents, directly, jointly, indirectly, contributorily, through the inducement of others, and/or otherwise.

19. Counter-Claimants are entitled to a judgment that they do not infringe any asserted claims of the ’797 patent.

## COUNTERCLAIM TWO:

## DECLARATORY JUDGMENT OF INVALIDITY OF THE ’797 PATENT

20. Counter-Claimants repeat and reallege each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

21. The asserted claims of the ’797 patent are invalid for failing to meet the condition of patentability set forth in 35 USC §§ 101, 102, 103, and 112, as alleged above.

22. The asserted claims of the ’797 patent are invalid under §102/103 as anticipated and/or obvious, and/or obviousness type double patenting in light of the prior art. For example, the claims of the Asserted Patents are invalid as anticipated and/or obvious in light of U.S. Patent No. 6,148,357 (“Gulick ’357”); U.S. Patent No. 6,690,676 (“Gulick ’676”); U.S. Patent No. 5,822,571 (“Goodrum ’571”); and/or IEEE 1596.3-1995 LVDS for Scalable Coherent Interface (SCI) (“IEEE 1596.3”); U.S. Patent No. 6,161,157 (“Tripathi”), Next Generation I/O (“NGIO”) as disclosed in U.S. Patent No. 6,170,025 (“Drottar ’025”); U.S. Patent No. 6,333,929 (“Drottar ’929”), U.S. Patent No. 6,181,704 (“Drottar ’704”) and others; Peripheral Component Interconnect (“PCI”) bus specification; Low Voltage Differential Signaling (“LVDS”) technology such as Ethernet; National Semiconductor Channel Link chipsets such as FPD-Link; Transition Minimized Differential Signaling (“TMDS”); Video Electronics Standards Association Plug and Display (“VESA P&D”); USB 1.0; Wide Area Serial PCI as disclosed in U.S. Patent No. 6,425,033 (“Conway”); U.S. Patent No. 6,418,504 (“Conway ’504”); HDMP-1022 Transmitter/HDMP-1024 Receiver Datasheet (“HDMP”); and many others.

23. The asserted claims of the ’797 patent are invalid under § 112 or lack of written description and are indefinite because the claims, read in light of the specification and the

prosecution history, fail to inform those skilled in the art, with reasonable certainty, the scope of the alleged invention.

24. The asserted claims of the ’797 patent are invalid under § 101 because they are directed only to a patent ineligible abstract idea and lack any inventive concept. For example, under Plaintiff’s apparent constructions, the Asserted Claims are directed to the abstract idea of communicating information in accordance with or specified by an industry standard. Yet critically, the Asserted Patents fail to disclose any novel means or any improvement of means for communicating industry standard information and, therefore, fail to describe any improvement in the field or inventive concept. The remaining claim elements recite generic computer components that were well-known prior to the alleged inventions, including systems and graphics memory; a console; a mass storage device/hard disk drive; peripheral devices; connectors; and a power supply.

25. Counter-Claimants are entitled to a judgment that the asserted claims of the ’797 patent are invalid.

**COUNTERCLAIM THREE:**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’750 PATENT**

26. Counter-Claimants repeat and reallege each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

27. Counter-Claimants counterclaims against ACQIS pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

28. In its First Amended Complaint, ACQIS alleges that Counter-Claimants are infringing the ’750 patent and that the ’750 patent is valid and enforceable.

29. An actual controversy exists between ACQIS and Counter-Claimants by virtue of the allegations in ACQIS' First Amended Complaint and Defendants' Answer, as to the validity and infringement of the asserted claims of the '750 patent.

30. Defendants have not infringed any asserted claim of the '750 patent, either literally or through the doctrine of equivalents, directly, jointly, indirectly, contributorily, through the inducement of others, and/or otherwise.

31. Counter-Claimants are entitled to a judgment that they do not infringe any asserted claims of the '750 patent.

**COUNTERCLAIM FOUR:**

**DECLARATORY JUDGMENT OF INVALIDITY OF THE '750 PATENT**

32. Counter-Claimants repeat and reallege each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

33. The asserted claims of the '769 patent are invalid for failing to meet the condition of patentability set forth in 35 USC §§ 101, 102, 103, and 112, as alleged above.

34. The asserted claims of the '769 patent are invalid under §102/103 as anticipated and/or obvious, and/or obviousness type double patenting in light of the prior art. For example, the claims of the Asserted Patents are invalid as anticipated and/or obvious in light of U.S. Patent No. 6,148,357 ("Gulick '357"); U.S. Patent No. 6,690,676 ("Gulick '676"); U.S. Patent No. 5,822,571 ("Goodrum '571"); and/or IEEE 1596.3-1995 LVDS for Scalable Coherent Interface (SCI) ("IEEE 1596.3"); U.S. Patent No. 6,161,157 ("Tripathi"), Next Generation I/O ("NGIO") as disclosed in U.S. Patent No. 6,170,025 ("Drottar '025"); U.S. Patent No. 6,333,929 ("Drottar '929"), U.S. Patent No. 6,181,704 ("Drottar '704") and others; Peripheral Component Interconnect ("PCI") bus specification; Low Voltage Differential Signaling ("LVDS") technology such as Ethernet;

National Semiconductor Channel Link chipsets such as FPD-Link; Transition Minimized Differential Signaling ("TMDS"); Video Electronics Standards Association Plug and Display ("VESA P&D"); USB 1.0; Wide Area Serial PCI as disclosed in U.S. Patent No. 6,425,033 ("Conway"); U.S. Patent No. 6,418,504 ("Conway '504"); HDMP-1022 Transmitter/HDMP-1024 Receiver Datasheet ("HDMP"); and many others.

35. The asserted claims of the '769 patent are invalid under § 112 or lack of written description and are indefinite because the claims, read in light of the specification and the prosecution history, fail to inform those skilled in the art, with reasonable certainty, the scope of the alleged invention.

36. The asserted claims of the '769 patent are invalid under § 101 because they are directed only to a patent ineligible abstract idea and lack any inventive concept. For example, under Plaintiff's apparent constructions, the Asserted Claims are directed to the abstract idea of communicating information in accordance with or specified by an industry standard. Yet critically, the Asserted Patents fail to disclose any novel means or any improvement of means for communicating industry standard information and, therefore, fail to describe any improvement in the field or inventive concept. The remaining claim elements recite generic computer components that were well-known prior to the alleged inventions, including systems and graphics memory; a console; a mass storage device/hard disk drive; peripheral devices; connectors; and a power supply.

37. Counter-Claimants are entitled to a judgment that the asserted claims of the '769 patent are invalid.

**COUNTERCLAIM FIVE:**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’769 PATENT**

38. Counter-Claimants repeat and reallege each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

39. Counter-Claimants counterclaims against ACQIS pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

40. In its First Amended Complaint, ACQIS alleges that Counter-Claimants are infringing the ’797 patent and that the ’769 patent is valid and enforceable.

41. An actual controversy exists between ACQIS and Counter-Claimants by virtue of the allegations in ACQIS’ First Amended Complaint and Defendants’ Answer, as to the validity and infringement of the asserted claims of the ’769 patent.

42. Defendants have not infringed any asserted claim of the ’769 patent, either literally or through the doctrine of equivalents, directly, jointly, indirectly, contributorily, through the inducement of others, and/or otherwise.

43. Counter-Claimants are entitled to a judgment that they do not infringe any asserted claims of the ’769 patent.

**COUNTERCLAIM SIX:**

**DECLARATORY JUDGMENT OF INVALIDITY OF THE ’769 PATENT**

44. Counter-Claimants repeat and reallege each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

45. The asserted claims of the ’769 patent are invalid for failing to meet the condition of patentability set forth in 35 USC §§ 101, 102, 103, and 112, as alleged above.

46. The asserted claims of the ’769 patent are invalid under §102/103 as anticipated and/or obvious, and/or obviousness type double patenting in light of the prior art. For example, the claims of the Asserted Patents are invalid as anticipated and/or obvious in light of U.S. Patent No. 6,148,357 (“Gulick ’357”); U.S. Patent No. 6,690,676 (“Gulick ’676”); U.S. Patent No. 5,822,571 (“Goodrum ’571”); and/or IEEE 1596.3-1995 LVDS for Scalable Coherent Interface (SCI) (“IEEE 1596.3”); U.S. Patent No. 6,161,157 (“Tripathi”), Next Generation I/O (“NGIO”) as disclosed in U.S. Patent No. 6,170,025 (“Drottar ’025”); U.S. Patent No. 6,333,929 (“Drottar ’929”), U.S. Patent No. 6,181,704 (“Drottar ’704”) and others; Peripheral Component Interconnect (“PCI”) bus specification; Low Voltage Differential Signaling (“LVDS”) technology such as Ethernet; National Semiconductor Channel Link chipsets such as FPD-Link; Transition Minimized Differential Signaling (“TMDS”); Video Electronics Standards Association Plug and Display (“VESA P&D”); USB 1.0; Wide Area Serial PCI as disclosed in U.S. Patent No. 6,425,033 (“Conway”); U.S. Patent No. 6,418,504 (“Conway ’504”); HDMP-1022 Transmitter/HDMP-1024 Receiver Datasheet (“HDMP”); and many others.

47. The asserted claims of the ’769 patent are invalid under § 112 or lack of written description and are indefinite because the claims, read in light of the specification and the prosecution history, fail to inform those skilled in the art, with reasonable certainty, the scope of the alleged invention.

48. The asserted claims of the ’769 patent are invalid under § 101 because they are directed only to a patent ineligible abstract idea and lack any inventive concept. For example, under Plaintiff’s apparent constructions, the Asserted Claims are directed to the abstract idea of communicating information in accordance with or specified by an industry standard. Yet critically, the Asserted Patents fail to disclose any novel means or any improvement of means for

communicating industry standard information and, therefore, fail to describe any improvement in the field or inventive concept. The remaining claim elements recite generic computer components that were well-known prior to the alleged inventions, including systems and graphics memory; a console; a mass storage device/hard disk drive; peripheral devices; connectors; and a power supply.

49. Counter-Claimants are entitled to a judgment that the asserted claims of the ’769 patent are invalid.

## COUNTERCLAIM SEVEN:

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’140 PATENT

50. Counter-Claimants repeat and reallege each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

51. Counter-Claimants counterclaims against ACQIS pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

52. In its First Amended Complaint, ACQIS alleges that Counter-Claimants are infringing the ’140 patent and that the ’140 patent is valid and enforceable.

53. An actual controversy exists between ACQIS and Counter-Claimants by virtue of the allegations in ACQIS’ First Amended Complaint and Defendants’ Answer, as to the validity and infringement of the asserted claims of the ’140 patent.

54. Defendants have not infringed any asserted claim of the ’140 patent, either literally or through the doctrine of equivalents, directly, jointly, indirectly, contributorily, through the inducement of others, and/or otherwise.

55. Counter-Claimants are entitled to a judgment that they do not infringe any asserted claims of the ’140 patent.

**COUNTERCLAIM EIGHT:**

**DECLARATORY JUDGMENT OF INVALIDITY OF THE ’140 PATENT**

56. Counter-Claimants repeat and reallege each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

57. The asserted claims of the ’140 patent are invalid for failing to meet the condition of patentability set forth in 35 USC §§ 101, 102, 103, and 112, as alleged above.

58. The asserted claims of the ’140 patent are invalid under §102/103 as anticipated and/or obvious, and/or obviousness type double patenting in light of the prior art. For example, the claims of the Asserted Patents are invalid as anticipated and/or obvious in light of U.S. Patent No. 6,148,357 (“Gulick ’357”); U.S. Patent No. 6,690,676 (“Gulick ’676”); U.S. Patent No. 5,822,571 (“Goodrum ’571”); and/or IEEE 1596.3-1995 LVDS for Scalable Coherent Interface (SCI) (“IEEE 1596.3”); U.S. Patent No. 6,161,157 (“Tripathi”), Next Generation I/O (“NGIO”) as disclosed in U.S. Patent No. 6,170,025 (“Drottar ’025”); U.S. Patent No. 6,333,929 (“Drottar ’929”), U.S. Patent No. 6,181,704 (“Drottar ’704”) and others; Peripheral Component Interconnect (“PCI”) bus specification; Low Voltage Differential Signaling (“LVDS”) technology such as Ethernet; National Semiconductor Channel Link chipsets such as FPD-Link; Transition Minimized Differential Signaling (“TMDS”); Video Electronics Standards Association Plug and Display (“VESA P&D”); USB 1.0; Wide Area Serial PCI as disclosed in U.S. Patent No. 6,425,033 (“Conway”); U.S. Patent No. 6,418,504 (“Conway ’504”); HDMP-1022 Transmitter/HDMP-1024 Receiver Datasheet (“HDMP”); and many others.

59. The asserted claims of the ’140 patent are invalid under § 112 or lack of written description and are indefinite because the claims, read in light of the specification and the prosecution history, fail to inform those skilled in the art, with reasonable certainty, the scope of the alleged invention.

60. The asserted claims of the ’140 patent are invalid under § 101 because they are directed only to a patent ineligible abstract idea and lack any inventive concept. For example, under Plaintiff’s apparent constructions, the Asserted Claims are directed to the abstract idea of communicating information in accordance with or specified by an industry standard. Yet critically, the Asserted Patents fail to disclose any novel means or any improvement of means for communicating industry standard information and, therefore, fail to describe any improvement in the field or inventive concept. The remaining claim elements recite generic computer components that were well-known prior to the alleged inventions, including systems and graphics memory; a console; a mass storage device/hard disk drive; peripheral devices; connectors; and a power supply.

61. Counter-Claimants are entitled to a judgment that the asserted claims of the ’140 patent are invalid.

**COUNTERCLAIM NINE:**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’654 PATENT**

62. Counter-Claimants repeat and reallege each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

63. Counter-Claimants counterclaims against ACQIS pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

64. In its First Amended Complaint, ACQIS alleges that Counter-Claimants are infringing the ’654 patent and that the ’654 patent is valid and enforceable.

65. An actual controversy exists between ACQIS and Counter-Claimants by virtue of the allegations in ACQIS’ First Amended Complaint and Defendants’ Answer, as to the validity and infringement of the asserted claims of the ’654 patent.

66. Defendants have not infringed any asserted claim of the ’654 patent, either literally or through the doctrine of equivalents, directly, jointly, indirectly, contributorily, through the inducement of others, and/or otherwise.

67. Counter-Claimants are entitled to a judgment that they do not infringe any asserted claims of the ’654 patent.

**COUNTERCLAIM TEN:**

**DECLARATORY JUDGMENT OF INVALIDITY OF THE ’654 PATENT**

68. Counter-Claimants repeat and reallege each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

69. The asserted claims of the ’797 patent are invalid for failing to meet the condition of patentability set forth in 35 USC §§ 101, 102, 103, and 112, as alleged above.

70. The asserted claims of the ’654 patent are invalid under §102/103 as anticipated and/or obvious, and/or obviousness type double patenting in light of the prior art. For example, the claims of the Asserted Patents are invalid as anticipated and/or obvious in light of U.S. Patent No. 6,148,357 (“Gulick ’357”); U.S. Patent No. 6,690,676 (“Gulick ’676”); U.S. Patent No. 5,822,571 (“Goodrum ’571”); and/or IEEE 1596.3-1995 LVDS for Scalable Coherent Interface (SCI) (“IEEE 1596.3”); U.S. Patent No. 6,161,157 (“Tripathi”), Next Generation I/O (“NGIO”) as disclosed in U.S. Patent No. 6,170,025 (“Drottar ’025”); U.S. Patent No. 6,333,929 (“Drottar ’929”), U.S.

Patent No. 6,181,704 ("Drottar '704") and others; Peripheral Component Interconnect ("PCI") bus specification; Low Voltage Differential Signaling ("LVDS") technology such as Ethernet; National Semiconductor Channel Link chipsets such as FPD-Link; Transition Minimized Differential Signaling ("TMDS"); Video Electronics Standards Association Plug and Display ("VESA P&D"); USB 1.0; Wide Area Serial PCI as disclosed in U.S. Patent No. 6,425,033 ("Conway"); U.S. Patent No. 6,418,504 ("Conway '504"); HDMP-1022 Transmitter/HDMP-1024 Receiver Datasheet ("HDMP"); and many others.

71. The asserted claims of the '654 patent are invalid under § 112 or lack of written description and are indefinite because the claims, read in light of the specification and the prosecution history, fail to inform those skilled in the art, with reasonable certainty, the scope of the alleged invention.

72. The asserted claims of the '654 patent are invalid under § 101 because they are directed only to a patent ineligible abstract idea and lack any inventive concept. For example, under Plaintiff's apparent constructions, the Asserted Claims are directed to the abstract idea of communicating information in accordance with or specified by an industry standard. Yet critically, the Asserted Patents fail to disclose any novel means or any improvement of means for communicating industry standard information and, therefore, fail to describe any improvement in the field or inventive concept. The remaining claim elements recite generic computer components that were well-known prior to the alleged inventions, including systems and graphics memory; a console; a mass storage device/hard disk drive; peripheral devices; connectors; and a power supply.

73. Counter-Claimants are entitled to a judgment that the asserted claims of the '654 patent are invalid.

**DEMAND FOR JURY**

Counter-Claimants demand a trial by jury on all claims and defenses so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Hon Hai Precision Industry Co., Ltd., a Taiwanese corporation; Hongfujin Precision Electronics (Chengdu) Co., Ltd., a China corporation; Futaihua Industrial (Shenzhen) Co., Ltd., a China corporation; Foxconn Precision Electronics (Taiyuan) Co., Ltd., a China corporation; Hongfujin Precision Electronics (Zhengzhou) Co., Ltd., a China corporation; Foxconn Image and Printing Product Pte. Ltd., a Singapore corporation; Falcon Precision Trading Pte. Ltd., a Singapore corporation; Fast Victor Limited, a Samoa corporation; and Foxconn Singapore Pte. Ltd., a Singapore corporation pray for relief as follows:

A. Judgment declaring that Hon Hai Precision Industry Co., Ltd., a Taiwanese corporation; Hongfujin Precision Electronics (Chengdu) Co., Ltd., a China corporation; Futaihua Industrial (Shenzhen) Co., Ltd., a China corporation; Foxconn Precision Electronics (Taiyuan) Co., Ltd., a China corporation; Hongfujin Precision Electronics (Zhengzhou) Co., Ltd., a China corporation; Foxconn Image and Printing Product Pte. Ltd., a Singapore corporation; Falcon Precision Trading Pte. Ltd., a Singapore corporation; Fast Victor Limited, a Samoa corporation; and Foxconn Singapore Pte. Ltd., a Singapore corporation have not directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the ’797 patent;

B. Judgment declaring that the ’797 patent is invalid, void, and unenforceable;

C. Judgment declaring that Hon Hai Precision Industry Co., Ltd., a Taiwanese corporation; Hongfujin Precision Electronics (Chengdu) Co., Ltd., a China corporation; Futaihua Industrial (Shenzhen) Co., Ltd., a China corporation; Foxconn Precision Electronics (Taiyuan) Co., Ltd., a China corporation; Hongfujin Precision Electronics (Zhengzhou) Co., Ltd., a China

corporation; Foxconn Image and Printing Product Pte. Ltd., a Singapore corporation; Falcon Precision Trading Pte. Ltd., a Singapore corporation; Fast Victor Limited, a Samoa corporation; and Foxconn Singapore Pte. Ltd., a Singapore corporation have not directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the ’750 patent;

D. Judgment declaring that the ’750 patent is invalid, void, and unenforceable;

E. Judgment declaring that Hon Hai Precision Industry Co., Ltd., a Taiwanese corporation; Hongfujin Precision Electronics (Chengdu) Co., Ltd., a China corporation; Futaihua Industrial (Shenzhen) Co., Ltd., a China corporation; Foxconn Precision Electronics (Taiyuan) Co., Ltd., a China corporation; Hongfujin Precision Electronics (Zhengzhou) Co., Ltd., a China corporation; Foxconn Image and Printing Product Pte. Ltd., a Singapore corporation; Falcon Precision Trading Pte. Ltd., a Singapore corporation; Fast Victor Limited, a Samoa corporation; and Foxconn Singapore Pte. Ltd., a Singapore corporation have not directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the ’769 patent;

F. Judgment declaring that the ’769 patent is invalid, void, and unenforceable;

G. Judgment declaring that Hon Hai Precision Industry Co., Ltd., a Taiwanese corporation; Hongfujin Precision Electronics (Chengdu) Co., Ltd., a China corporation; Futaihua Industrial (Shenzhen) Co., Ltd., a China corporation; Foxconn Precision Electronics (Taiyuan) Co., Ltd., a China corporation; Hongfujin Precision Electronics (Zhengzhou) Co., Ltd., a China corporation; Foxconn Image and Printing Product Pte. Ltd., a Singapore corporation; Falcon Precision Trading Pte. Ltd., a Singapore corporation; Fast Victor Limited, a Samoa corporation; and Foxconn Singapore Pte. Ltd., a Singapore corporation have not directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the ’140 patent;

H. Judgment declaring that the ’140 patent is invalid, void, and unenforceable;

I. Judgment declaring that Hon Hai Precision Industry Co., Ltd., a Taiwanese corporation; Hongfujin Precision Electronics (Chengdu) Co., Ltd., a China corporation; Futaihua Industrial (Shenzhen) Co., Ltd., a China corporation; Foxconn Precision Electronics (Taiyuan) Co., Ltd., a China corporation; Hongfujin Precision Electronics (Zhengzhou) Co., Ltd., a China corporation; Foxconn Image and Printing Product Pte. Ltd., a Singapore corporation; Falcon Precision Trading Pte. Ltd., a Singapore corporation; Fast Victor Limited, a Samoa corporation; and Foxconn Singapore Pte. Ltd., a Singapore corporation have not directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the ’654 patent;

J. Judgment declaring that the ’654 patent is invalid, void, and unenforceable;

K. Judgment dismissing Plaintiff’s First Amended Complaint with prejudice;

L. Judgment denying any preliminary or permanent injunctive relief in favor of ACQIS against Hon Hai Precision Industry Co., Ltd., a Taiwanese corporation; Hongfujin Precision Electronics (Chengdu) Co., Ltd., a China corporation; Futaihua Industrial (Shenzhen) Co., Ltd., a China corporation; Foxconn Precision Electronics (Taiyuan) Co., Ltd., a China corporation; Hongfujin Precision Electronics (Zhengzhou) Co., Ltd., a China corporation; Foxconn Image and Printing Product Pte. Ltd., a Singapore corporation; Falcon Precision Trading Pte. Ltd., a Singapore corporation; Fast Victor Limited, a Samoa corporation; and Foxconn Singapore Pte. Ltd., a Singapore corporation;

M. A declaration that Defendants and Counter-Claimants have not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, and either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents;

N. Judgment that ACQIS shall not be entitled to any damages, enhanced damages, costs, expenses, attorneys' fees, pre-judgment interest, or post judgment interest from Defendants and Counter-Claimants;

O. Judgment that ACQIS shall take nothing by this action;

P. A judgment limiting or barring Plaintiff's ability to enforce the Asserted Patents in equity; and

Q. Defendants and Counter-Claimants be awarded the costs of suit and attorneys' fees; and

R. For such other and further relief as this Court may deem just and proper.

Dated: March 10, 2025

Respectfully submitted,

By: *<u>/s/ Colby A. Davis</u>*

Daniel P. Margolis
ALLEN OVERY SHEARMAN STERLING US LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
E-mail: daniel.margolis@aoshearman.com

Noah A. Brumfield (*admitted in this District*)
Colby A. Davis (*admitted in this District*)
Megan M. Ines (*admitted in this District*)
ALLEN OVERY SHEARMAN STERLING US LLP
1101 New York Avenue NW
Washington, DC 20005
Telephone: (202) 683-3834
Facsimile: (202) 683-3999
E-mail: noah.brumfield@ aoshearman.com
E-mail: colby.davis@ aoshearman.com
E-mail: megan.ines@ aoshearman.com

David P. Whittlesey (Texas Bar No. 00791920)
Olin Ray (Trey) Hebert (Texas Bar No. 24097819)

ALLEN OVERY SHEARMAN STERLING US LLP
300 West 6th Street, Suite 2250
Austin, TX 78701
Telephone: (512) 647-1900
Facsimile: (512) 857-6602
E-mail: david.whittlesey@Shearman.com
E-mail: trey.hebert@aoshearman.com

Mark D. Siegmund
Cherry Johnson Siegmund James, PLLC
400 Austin Avenue, 9th Floor
Waco, TX 76701
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
Email: msiegmund@cjsjlaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 10, 2025, the foregoing was served on all counsel of record by e-mail.

*By: Colby A. Davis*