**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| ACQIS LLC,<br>a Texas limited liability company,<br><br>Plaintiff,<br>v.<br><br>Hon Hai Precision Industry Co., Ltd. d/b/a Foxconn, a Taiwanese corporation; Hongfujin Precision Electronics (Chengdu) Co., Ltd., a China corporation; Futaihua Industrial (Shenzhen) Co., Ltd., a China corporation; Foxconn Precision Electronics (Taiyuan) Co., Ltd., a China corporation; Hongfujin Precision Electronics (Zhengzhou) Co., Ltd., a China corporation; Foxconn Image and Printing Product Pte. Ltd., a Singapore corporation; Falcon Precision Trading Pte. Ltd., a Singapore corporation; Fast Victor Limited, a Samoa corporation; Foxconn Singapore Pte. Ltd., a Singapore corporation,<br><br>Defendants. | Civil Action No. 6:23-CV-264<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS**

Plaintiff and Counterclaim Defendant ACQIS LLC ("ACQIS"), by and through its undersigned counsel, hereby submits this Answer to Defendant and Counterclaimant Hon Hai Precision Industry Co., Ltd. et al.'s ("Hon Hai") Counterclaims to Plaintiff's First Amended Complaint (Dkt. 83) ("Counterclaims"). Except as expressly admitted below, ACQIS denies each and every allegation contained in the Counterclaims. Specifically, ACQIS responds as follows with the numbered paragraphs corresponding to the like-numbered paragraphs of Hon Hai's Counterclaims.

1. Admitted on information and belief.

2. Admitted on information and belief.

3. Admitted on information and belief.

4. Admitted on information and belief.

5. Admitted on information and belief.

6. Admitted on information and belief.

7. Admitted on information and belief.

8. Admitted on information and belief.

9. Admitted on information and belief.

10. ACQIS admits that ACQIS is a limited liability company organized and existing under the laws of the State of Texas, with offices at 411 Interchange Street, McKinney, Texas 75071. ACQIS further admits that ACQIS is operated from California, where its President, Dr. William Chu, resides. ACQIS also admits that a related entity, ACQIS Technology, Inc., is a corporation organized under the laws of the State of Delaware, having its principal place of business at 1503 Grant Road, Suite 100, Mountain View, California 94040. ACQIS further admits that Dr. Chu is the Chief Executive Officer of ACQIS Technology, Inc. ACQIS denies the remaining allegations of Paragraph 10.

**JURISDICTION AND VENUE**

11. Paragraph 11 of the Counterclaims states legal conclusions as to which no response is required. To the extent a response is required, ACQIS admits that it is subject to personal jurisdiction in this judicial district.

12. Paragraph 12 of the Counterclaims states legal conclusions as to which no response is required. To the extent a response is required, ACQIS admits that Hon Hai purports to bring an

action under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and that the Court has subject matter jurisdiction over this action.

13. Paragraph 13 of the Counterclaims states legal conclusions as to which no response is required. To the extent a response is required, ACQIS admits that venue is proper in this District for purposes of this action only.

**COUNTERCLAIM ONE:**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’797 PATENT**

14. ACQIS incorporates by reference each of its answers to Paragraphs 1-13 above as if fully set forth herein.

15. Paragraph 15 of the Counterclaims states legal conclusions as to which no response is required. To the extent a response is required, ACQIS admits that Hon Hai purports to bring this counterclaim pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

16. ACQIS admits that, in its First Amended Complaint for Patent Infringement (Dkt. 49) (“Amended Complaint”), it alleges that Hon Hai is infringing the ’797 patent and that the ’797 patent is valid and enforceable.

17. Paragraph 17 of the Counterclaims states legal conclusions as to which no response is required. To the extent a response is required, ACQIS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of the Counterclaims and, on that basis, ACQIS denies them.

18. Denied.

19. Denied.

## COUNTERCLAIM TWO: DECLARATORY JUDGMENT OF INVALIDITY OF THE ’797 PATENT

20. ACQIS incorporates by reference each of its answers to Paragraphs 1-19 above as if fully set forth herein.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## COUNTERCLAIM THREE: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’750 PATENT

26. ACQIS incorporates by reference each of its answers to Paragraphs 1-25 above as if fully set forth herein.

27. Paragraph 27 of the Counterclaims states legal conclusions as to which no response is required. To the extent a response is required, ACQIS admits that Hon Hai purports to bring this counterclaim pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

28. ACQIS admits that, in its Amended Complaint, it alleges that Hon Hai is infringing the ’750 patent and that the ’750 patent is valid and enforceable.

29. Paragraph 29 of the Counterclaims states legal conclusions as to which no response is required. To the extent a response is required, ACQIS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 29 of the Counterclaims and, on that basis, ACQIS denies them.

30. Denied.

31. Denied.

## COUNTERCLAIM FOUR:
## DECLARATORY JUDGMENT OF INVALIDITY OF THE ’750 PATENT

32. ACQIS incorporates by reference each of its answers to Paragraphs 1-31 above as if fully set forth herein.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## COUNTERCLAIM FIVE:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’769 PATENT

38. ACQIS incorporates by reference each of its answers to Paragraphs 1-37 above as if fully set forth herein.

39. Paragraph 39 of the Counterclaims states legal conclusions as to which no response is required. To the extent a response is required, ACQIS admits that Hon Hai purports to bring this counterclaim pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

40. ACQIS admits that, in its Amended Complaint, it alleges that Hon Hai is infringing the ’769 patent and that the ’769 patent is valid and enforceable.

41. Paragraph 41 of the Counterclaims states legal conclusions as to which no response is required. To the extent a response is required, ACQIS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 41 of the Counterclaims and, on that basis, ACQIS denies them.

42. Denied.

43. Denied.

## COUNTERCLAIM SIX:
## DECLARATORY JUDGMENT OF INVALIDITY OF THE ’769 PATENT

44. ACQIS incorporates by reference each of its answers to Paragraphs 1-43 above as if fully set forth herein.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## COUNTERCLAIM SEVEN:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ’140 PATENT

50. ACQIS incorporates by reference each of its answers to Paragraphs 1-49 above as if fully set forth herein.

51. Paragraph 51 of the Counterclaims states legal conclusions as to which no response is required. To the extent a response is required, ACQIS admits that Hon Hai purports to bring this counterclaim pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

52. ACQIS admits that, in its Amended Complaint, it alleges that Hon Hai is infringing the ’140 patent and that the ’140 patent is valid and enforceable.

53. Paragraph 53 of the Counterclaims states legal conclusions as to which no response is required. To the extent a response is required, ACQIS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 53 of the Counterclaims and, on that basis, ACQIS denies them.

54. Denied.

55. Denied.

**COUNTERCLAIM EIGHT:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '140 PATENT**

56. ACQIS incorporates by reference each of its answers to Paragraphs 1-55 above as if fully set forth herein.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

**COUNTERCLAIM NINE:**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '654 PATENT**

62. ACQIS incorporates by reference each of its answers to Paragraphs 1-61 above as if fully set forth herein.

63. Paragraph 63 of the Counterclaims states legal conclusions as to which no response is required. To the extent a response is required, ACQIS admits that Hon Hai purports to bring this counterclaim pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

64. ACQIS admits that, in its Amended Complaint, it alleges that Hon Hai is infringing the '654 patent and that the '654 patent is valid and enforceable.

65. Paragraph 65 of the Counterclaims states legal conclusions as to which no response is required. To the extent a response is required, ACQIS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 65 of the Counterclaims and, on that basis, ACQIS denies them.

66. Denied.

67. Denied.

## COUNTERCLAIM TEN:
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '654 PATENT

68. ACQIS incorporates by reference each of its answers to Paragraphs 1-67 above as if fully set forth herein.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

## JURY DEMAND

ACQIS admits that Hon Hai purports to demand a trial by jury on all claims and defenses so triable.

## PRAYER FOR RELIEF

ACQIS denies that Hon Hai is entitled to the relief requested in the Counterclaims, or any other relief. ACQIS also denies each and every allegation in the prayer for relief.

Dated: March 24, 2025

Respectfully Submitted,

By: *<u>/s/ David Caine by permission Garrett C. Parish</u>*

David A. Caine (*Admitted Pro Hac Vice*)
California State Bar No. 218074
Email: david.caine@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306
(650) 319-4500 (telephone)
(650) 319-4700 (facsimile)

Charles Everingham IV
Texas State Bar No. 00787447

E-mail: chad@millerfairhenry.com
Claire Abernathy Henry
Texas State Bar No. 00787447
E-mail: claire@millerfairhenry.com
Andrea L. Fair
Texas State Bar No. 24078488
E-mail: andrea@millerfairhenry.com
Garrett C. Parish
Texas State Bar No. 24125824
Email: gparish@millerfairhenry.com
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

***Attorneys for Plaintiff ACQIS LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, effecting service on all counsel of record.

*/s/ Garrett C. Parish*
Garrett C. Parish